EDWIN A. KRUMMENACHER and MABEL KRUMMENACHER, Respondents, v. WESTERN AUTO SUPPLY COMPANY, a Corporation, Appellant.—No. 40854.—217 S. W. (2d) 473.

Court en Banc, January 7, 1949.

Rehearing Denied, February 14, 1949.

758

*Shepley, Kroeger, Fisse & Ingamells,* and *Wm. K. Stanard II,* for appellant.

*Louis E. Miller, Miller & Landau, B. Sherman Landau* for respondents.

[473] TIPTON, J.—The respondents brought this action in the circuit court of the city of St. Louis for the abatement of a nuisance and they further sought damages by reason of the alleged nuisance in the sum of $1500 for actual damages and $1500 for punitive damages. There was only one count in respondents' petition. The trial court refused to grant the injunction but awarded the respondents $500 for

actual damages and one dollar for punitive damages. The respondents did not appeal from that judgment but the appellants duly took an appeal to the St. Louis Court of Appeals. That court held that the suit was in equity for the abatement of a nuisance, and that since the trial court had held that respondents were not entitled to any equitable relief it was without jurisdiction to award any damages on purely legal issues. It reversed the judgment. A full statement of the facts may be found in the opinion of the St. Louis Court of Appeals, reported in 206 S. W. 2d 991.

██ The point on which the St. Louis Court of Appeals reversed the judgment of the trial court was not briefed in that court [474] by either party. We ordered the cause transferred for review on the application of respondents who have not filed a brief in this court so we do not have a brief of respondents on this point. Since the respondents seek to set aside the judgment of the St. Louis Court of Appeals, they are, from a practical standpoint, in the shoes of an ordinary appellant in this court. They have failed to brief the main point on which they rely for a reversal of the St. Louis Court of Appeals' holding. However, we will not dismiss the appeal for failure to comply with our rule 1.08 because of the public interest in this procedural question.

The decree of the trial court will suffice for a statement of facts. It reads as follows:

"This cause having heretofore come on to be heard, between the parties in person and by their attorneys, thereupon the said cause was heard and duly submitted to the court upon the pleadings and the evidence, and said cause was taken under advisement.

"And Now, the court being sufficiently advised of and concerning the same, doth find:

"1. That the defendant is a corporation and at all times here in issue was engaged in the operation of retail stores for the sale of automobile supplies and other merchandise, and operated a store for that purpose at 5977 Delmar Boulevard in the city of St. Louis, Missouri;

"2. That there is a vacant area, fifty feet wide and forty-three feet long, at the rear of the Delmar Boulevard store which was and is utilized by the defendant as a service lot in conjunction with, and for the furtherance of, the defendant's mercantile business;

"3. That the patrons of the defendant are and were invited and directed to drive their automobiles into, on and around on the said service lot for the purpose of having the defendant install, service and exchange batteries, tires and other automobile appliances, parts and equipment;

"4. That the defendant also used the rear service lot for the purpose of receiving and sending merchandise and for the delivery of merchandise by large trucks and by tractor and trailer vehicles;

"5. That by reason of the purposes for which it was used, the rear service lot is and was extensively used by all types of motor vehicles and trucks during the defendant's regular business hours and as late as 9:30 o'clock in the night time;

"6. That the plaintiffs own the two and one-half story residence at 6000 Enright Avenue, located immediately north of the defendant's Delmar Boulevard store, and that they have owned and occupied the residence, with their family, throughout the entire period of, defendant's operation of defendant's Delmar Boulevard store;

"7. That motor vehicles of various types leaving the defendant's rear service lot regularly and constantly run into and against the plaintiffs' fence located at the rear of their premises, and continuously damage and partially destroy said fence;

"8. That as a result thereof, the plaintiffs have been required to expend sums of money necessary for the maintenance, repair and replacement of said fence; that the plaintiffs' rear yard is regularly used for play and amusement purposes by plaintiffs' children and other children of the neighborhood and they are subjected to the hazard of injury by motor vehicles running into the plaintiffs' rear fence;

"9. That defendant's use of the rear service lot has depreciated the market value of the plaintiffs' property and the noise and fumes of the motor vehicles on the service lot disturb the plaintiffs' enjoyment and use of their property in the customary and reasonable manner;

"10. That prior to the institution of this action the plaintiffs duly notified the defendant of the existing conditions, but the defendant refused to take any remedial measures;

"11. That the plaintiffs have sustained actual damages in the sum of Five Hundred Dollars ($500.00);

"THEREFORE, it is ordered, adjudged and decreed by the court:

"(1) That the plaintiffs have and recover from the defendant the sum of Five Hundred Dollars ($500.00) as and for actual damages;

[475] "(2) That the plaintiffs have and recover from the defendant the sum of one dollar ($1.00) as and for punitive damages;

"(3) That the plaintiffs' prayer for injunction is hereby denied; and

"(4) That the costs of this proceeding be assessed against the defendant, and that execution therefor issue in conformity with this judgment."

From the decree, it will be seen that in paragraphs 7 and 8 the trial court found that respondents had suffered damages to their fence which required them to expend sums of money for the repair and replacement of it. In paragraph 9 the court found that the market value of respondents' property had depreciated on account of the noise and fumes of the motor vehicles of appellant's customers who used its service lot. In paragraph 11 it found that respondents

had sustained actual damages in the sum of $500. By paragraph 3 of the judgment the trial court denied the equitable relief sought by respondents in the prayer of their petition. So we have a judgment denying any equitable relief, yet finding that respondents sustained legal damages.

In ruling this case the St. Louis Court of Appeals held that a court of equity does not have jurisdiction to render a judgment for a plaintiff on legal issues in the absence of a finding that some equitable right of the plaintiff has also been violated. We approve that holding. It is supported by the decisions of this court. Miller v. St. Louis & K. C. R. Co., 162 Mo. 424, 63 S. W. 85; Chicago, R. I. & P. R. Co. v. State Highway Commission, 322 Mo. 419, 17 S. W. 2d 535; Yellow Mfg. Acceptance Corp. v. American Taxicabs, 344 Mo. 1200, 130 S. W. 2d 601.

In respondents' suggestions in support of their motion to transfer this cause to this court they contend that under our new code all distinctions between an action in equity and an action at law have been eliminated. They cite Sections 2 and 4 of the new code. Mo. R. S. A., 847.2 and 847.4. Section 2 of the new code says: "It shall be construed to secure the just, speedy and inexpensive determination of every action." There is nothing in that part of this section upon which respondents rely that would support their contention. Section 874.4, Mo. R. S. A., of the new code says: "There shall be one form of action to be known as 'civil action'", while Section 847 of the old code reads: "There shall be in this state but one form of action for the enforcement or protection of private rights, and redress or prevention of private wrongs, which shall be denominated a civil action; and the party thereto complaining shall be known as the plaintiff, and the adverse party as the defendant." While the language is different, there is no difference in meaning between these sections of the new code and the old code. The decisions referred to above would apply under Section 847.4 of the new code to the same extent that they did apply under Section 847 of the old code. To hold otherwise would permit a plaintiff to ambush a defendant in that a plaintiff could plead a cause of action in equity and also seek legal damages and then fail to prove that he was entitled to any equitable relief. He would thereby deprive defendant of a trial by a jury.

In their suggestions in support of their motion respondents state that appellant did not make any demand for a jury, thereby waiving a jury trial. The petition stated an equitable cause of action, therefore the appellant was not entitled to demand a jury trial. The case of Hecker v. Bleish, 327 Mo. 377, 37 S. W. 2d 444, cited by respondents is not in point because that was an action at law and it holds that in all civil cases wherein the right to a trial by jury exists, if a jury is not demanded it is thereby waived. In this case, had the appellant demanded a jury trial its request should have been over-

ruled because the pleadings showed it was an action in equity, not a law action. Nor is the case of Hallauer v. Lackey, 353 Mo. 1244, 188 S. W. 2d 30, in point. That case held that when a court of equity once acquires jurisdiction of a cause, it will retain it in order to do full and complete justice, while in this case the trial court held that respondents were not entitled to any equitable relief.

The petition of respondents joined two causes of action, one at equity and one [476] at law, which is permissible under Section 37 of the new Code of Civil Procedure, Laws of Missouri, 1943, p. 370, Mo. R. S. A., Sec. 847.37. As already stated, the judgment of the trial court disposed of both causes of action by the denial of equitable relief and the sustaining of the claims for damages. Since the respondents did not appeal, that part of the judgment denying equitable relief should not be disturbed, but as we have already said, the trial court did not have jurisdiction to sustain respondents' claim for damages. Therefore, that part of the judgment awarding damages is reversed and remanded for a jury trial on the legal issues, if any, stated in respondents' petition. This holding is within the spirit of Section 847.2, supra.

The judgment is affirmed in part, reversed in part, and remanded for proceedings in accordance with this opinion. *Clark, J.*, concurs in result in separate concurring opinion; *Conkling, J., Douglas, Ellison* and *Hyde, JJ.*, and *Leedy, C.J.*, concur in result and in separate concurring opinion of *Clark, J.*

CLARK, J. (concurring).—I concur in the result reached by the principal opinion and in all that is said therein except the following:

"Since the respondents seek to set aside the judgment of the St. Louis Court of Appeals, they are, from a practical standpoint, in the shoes of an ordinary appellant in this court. They have failed to brief the main point on which they rely for a reversal of the St. Louis Court of Appeals' holding. However, we will not dismiss the appeal for failure to comply with our rule 1.08 because of the public interest in this procedural question."

My view is that when a case is transferred from a court of appeals to this court the parties retain the same positions, as appellant and respondent, that they occupied in the court of appeals. Further, that, upon such transfer for any reason, failure to file additional briefs in this court is not a violation of our rule 1.08 and is not a ground for dismissal of the appeal.

Our rule 2.06, relating to such transfers, in part, reads as follows:

". . . Briefs filed in the Court of Appeals shall be filed in the Supreme Court, and no new briefs need be prepared, but parties may file additional briefs if they desire to do so. . . .

"Any case coming to the Supreme Court after having been briefed on the merits in, and decided by, a court of appeals will be finally determined by the Supreme Court the same as on original appeal, whether such case comes to it by certification, transfer or certiorari. For the purpose of filing additional briefs, if any, and for oral argument, the parties shall retain the same position as appellant and respondent as in the Court of Appeals. If additional briefs are filed, the time for service and filing thereof shall be governed by rule 1.09."