Stephen SHULTZ, Plaintiff-Appellant,

v.

Woodrow F. KLINE, Defendant-Respondent.

No. KCD 28158.

Missouri Court of Appeals, Kansas City District.

May 31, 1977.

Andrew C. Webb, Sedalia, for plaintiff-appellant.

Terry M. Evans, Stockard, Andereck, Hauck, Sharp & Evans, Trenton, for defendant-respondent.

Before SOMERVILLE, P. J., and WASSERSTROM and TURNAGE, JJ.

TURNAGE, Judge.

Appeal from a judgment entered by the court without a jury for $3,221.61 in favor of Woodrow Kline against Stephen Shultz on a counterclaim. Shultz appeals on the denial to grant him a jury trial. Reversed and remanded.

Shultz originally filed suit against Kline for partition of personal property consisting of a racing car and related equipment. He further requested a receiver be appointed to take charge of the car and equipment. In his second count, he requested judgment for his share of prize money Kline had already earned.

Thereafter Shultz filed an amended petition in two counts. The first count alleged Kline was indebted to him in the amount of $4,770 because Kline had sold the racing car and equipment and had failed to pay Shultz his share. The second count claimed the sum of $1,608.40 which Kline owed Shultz in prize money.

Kline filed a counterclaim after the filing of the amended petition in which he claimed he had incurred expenses in operating the racing car and Shultz had not paid his share in the amount of $3,891.14.

When this cause came on for trial, Kline and the trial court took the position the entire cause was a suit in equity because the original petition requested equitable relief of partition and the appointment of a receiver. Shultz contended the suit was converted to one strictly at law by the filing of the amended petition and the counterclaim, neither of which requested any equitable relief. Shultz insisted he was entitled to a jury trial but the court stated the matter had been set as one in equity and a jury was not available. Upon the court's refusal to grant either a continuance or a jury trial, Shultz dismissed his petition. The court thereupon took up the counterclaim as an equitable matter and proceeded to try the same.

The court, in denying Shultz a jury trial on Kline's counterclaim, relied on the well known doctrine that once equity jurisdiction attaches, full and complete adjustment of the rights of all parties will be made by equity.

The rule relied on by the court has a well established corollary stated in *Krummenacher v. Western Auto Supply Co.,* 358 Mo. 757, 217 S.W.2d 473, 475[1] (banc 1949): ". . . a court of equity does not have jurisdiction to render a judgment for a plaintiff on legal issues in the absence of a finding that some equitable right of the plaintiff has also been violated."

In this case the court entered a pure money judgment in favor of Kline and against Shultz. No equitable relief was granted.

The court relied upon the original petition filed by Shultz in which equitable relief was requested in the first count by way of partition and a receiver. However, this petition was superseded by Shultz' amended petition which did not request any equitable relief. Even this petition dropped out of the case when it was voluntarily dismissed by Shultz. However, the counterclaim was unaffected by such dismissal, § 510.170, RSMo 1969, and the only matter before the court was Kline's purely legal counterclaim.

In *Jaycox v. Brune,* 434 S.W.2d 539 (Mo. 1968) the court had a somewhat similar situation. In that case Count I sought equitable relief. However, the court dismissed that count which left Count II pending. That count only involved an action for a money judgment. In that case the court held the plaintiff was entitled to a jury trial on Count II and stated the equitable matters in Count I dropped out when the court dismissed that count. The court there quoted from 19 L.R.A.N.S., 1065, annotation: "'. . . where a case for relief in equity fails, a court of equity is without jurisdiction to award other relief by way of disposing of the entire controversy; unless, indeed, it appears that the remedy at law will be inadequate.'"

The court also quoted from *Miller v. St. Louis and K. C. Ry. Co.,* 162 Mo. 424, 63 S.W. 85, 87, in which it was stated: "'If, when it comes to consider the case, there is found no equity in it, and no equitable relief therefor is granted, a court of equity

will not retain the case to try the purely legal issues that may be in it.'"

In *Jaycox* the court concluded the trial court had lost its equity jurisdiction and for that reason, a trial by the court on the remaining legal issues was improper because it denied a jury trial of purely legal issues with no equitable jurisdiction remaining. The same situation exists in this case. With the filing of the amended petition and the counterclaim, the court lost its equitable jurisdiction. Therefore, when the cause went to trial on the purely legal issues involved in the counterclaim filed by Kline, Shultz was entitled to a jury trial.

The judgment is reversed and remanded.

All concur.