**STATE ex rel. Charles R. WILLMAN, Relator,**

v.

**Honorable Charles H. SLOAN, Special Judge, 5th Judicial Circuit, Respondent.**

No. 60567.

Supreme Court of Missouri, En Banc.

Dec. 18, 1978.

Wendell E. Koerner, Jr., St. Joseph, for relator.

Douglas N. Ghertner, Kansas City, for respondent.

SEILER, Judge.

This is an original action in prohibition. Relator asks us to prohibit respondent Sloan from empaneling a jury to determine the damages, if any, petitioner suffered as a result of breach of a covenant not to compete by defendant below.

The case is before Judge Sloan on remand from this court, *Willman v. Beheler*, 489 S.W.2d 770 (Mo.1973). In *Willman*, this court ruled in favor of relator in his suit to enjoin defendant Beheler from breach of his covenant not to compete with plaintiff Willman, his former medical partner, within a twenty-mile radius of St. Joseph, Missouri for a five-year period. However, because only a few months of the five-year period remained at the time of our decision, we concluded that enforcement of the covenant would not be sufficient or proper equitable relief. Because equity will not permit a wrong to go without a remedy, and because "[o]nce having acquired jurisdiction equity will retain it, under a prayer for general relief (there was such a prayer in this petition), to administer full and complete justice, within the scope of pleadings and evidence, between the parties," *id.* at 778, we remanded for a determination of damages due to the breach. We noted that "[w]hile a court of equity is reluctant to, and ordinarily does not, grant a mere money judgment, it may do so in an appropriate case." *Id.*

After remand a hearing was scheduled for January 16, 1978. On January 12, 1978, defendant requested and respondent granted an order to empanel a jury at law (not merely an advisory jury), to determine the remaining issues of damages. On January 16, 1978, relator filed his petition for a writ of prohibition. On February 22, 1978 our provisional rule issued.

The Missouri constitution provides "[t]hat the right of trial by jury as heretofore enjoyed shall remain inviolate . .", Mo.Const. art. I, § 22(a). However, there is no right to trial by jury in a case in equity, *State ex rel. Duggan v. Kirkwood*, 357 Mo. 325, 208 S.W.2d 257, 262 (banc 1948). Thus, defendant's right to a jury depends on whether the cause is tried at law or in equity. Relator, plaintiff below, contends that his suit began as and remains one in equity, that implicit in this court's opinion in *Willman* was the finding that equity retain jurisdiction in order to grant relator full equitable relief, and that defendant thus does not have a right to a jury at law on the issues of damages. Although damages are usually a legal remedy, a court of equity may decree them where they are the relief necessary in order to do equity. *Willman v. Beheler*, 449 S.W.2d at 778.

Respondent replies that because the only issue on remand is whether relator sustained damages due to the breach of the restrictive covenant, the case, while originally filed in equity, has been converted into a case in which only the legal issue of damages remains. Since an action is generally considered legal rather than equitable when the only relief sought is money damages, thus entitling a defendant to trial by jury, *Jaycox v. Brune*, 434 S.W.2d 539, 542–43 (Mo.1968), to deny defendant a jury in this case would deny him his right to trial by jury under Mo.Const. art. I, § 22(a). *See Attebery v. Attebery*, 507 S.W.2d 87, 93 (Mo.App.1974).

The principles cited by respondent are valid, but they do not meet the issue to be resolved in this case. The usual rule, as quoted above from *Willman*, is that equity will retain jurisdiction of a cause once it has acquired it in order to afford full relief. As respondent notes, an important exception to

· this rule applies "when the *facts* relied on to sustain the equity jurisdiction fail of establishment," *Jaycox*, 434 S.W.2d at 543 (emphasis added), because "a court of equity does not have jurisdiction to render a judgment for a plaintiff on legal issues in the absence of a finding that some equitable right of the plaintiff has also been violated." *Krummenacher v. Western Auto Supply Co.*, 358 Mo. 757, 217 S.W.2d 473, 475 (banc 1949); *Shultz v. Kline*, 552 S.W.2d 333, 334 (Mo.App.1977). However, this exception applies only where the only relief sought is legal, or where the equitable claims of plaintiff are dismissed or found adversely to him, *see Krummenacher*, 217 S.W.2d at 475; *Miller v. St. Louis & Kansas City Ry. Co.*, 162 Mo. 424, 63 S.W. 85, 87 (1901); *Lee v. New Age Federal Savings & Loan Ass'n*, 425 S.W.2d 271, 273–74 (Mo.App.1968) (equitable issues settled after filing but before trial), and thus there remains no equity in the case.

However, this court found in *Willman v. Beheler*, 499 S.W.2d at 777, that there was merit to relator's claim, and that he was entitled to enforce the covenant in equity. The cases cited by respondent in which equity lost jurisdiction because plaintiff's equitable claims were denied are thus inapposite.

■ In *Willman*, we further determined that since an injunction would be ineffective, the best manner by which the restrictive covenant could alternatively be enforced was damages, and remanded for a determination of whether damages in fact resulted from the breach and the extent of them. In so doing, we cited extensively cases holding that a court of equity may retain jurisdiction of a case to grant damages where equity requires this form of relief in the circumstances. *Id.* at 778. *See, also Rockhill Tennis Club of Kansas City v. Volker*, 331 Mo. 947, 56 S.W.2d 9, 18–20 (1932); *Dunning v. Alfred H. Mayer Co.*, 483 S.W.2d 423, 428 (Mo.App.1972); *Supreme Lodge, K.P. v. Dalzell*, 205 Mo.App. 207, 223 S.W. 786 (1920). The clear implication was that the court on remand was to retain equity jurisdiction of the cause. As

such, defendant would not be entitled to a jury trial. *State ex rel. Duggan v. Kirkwood*, 208 S.W.2d at 262; *see Pittman v. Faron*, 315 S.W.2d 836, 839 (Mo.App.1958). We thus make our provisional rule absolute, prohibiting respondent from empaneling a jury at law for the hearing of the issue on damages in the *Willman v. Beheler* case.

MORGAN, C. J., BARDGETT, FINCH, DONNELLY and RENDLEN, JJ., and SIMEONE, Special Judge, concur.