**Mary HYBKI, Plaintiff,**

v.

**ALEXANDER & ALEXANDER, INCORPORATED, and R. B. Jones & Company, Defendants.**

No. 81–1026–CV–W–1.

United States District Court, W. D. Missouri, W. D.

March 31, 1982.

---

Ronald J. Stites, Koenigsdorf, Kusnetzky, Wyrsch & Stites, Kansas City, Mo., for plaintiff.

Stanley P. Weiner, Grier, Swartzman & Weiner, Kansas City, Mo., Warren M. Laddon, Morgan, Lewis & Bockius, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

JOHN W. OLIVER, Senior District Judge.

In this Title VII and Equal Pay Act case plaintiff has alleged sex discrimination in employment by defendant and seeks to recover, among other things, damages for emotional distress and punitive damages. Plaintiff has also demanded a jury trial on all claims presented.

This case presently pends on defendants' motion to dismiss Count III of plaintiff's complaint which seeks punitive damages and to strike plaintiff's prayer for compensatory damages for emotional distress and plaintiff's demand for a jury trial on her Title VII claim. After careful consideration of the questions presented and the suggestions of the parties, we have concluded that defendants' motions should be granted.

■ Plaintiff did not oppose and apparently concedes that she has no right to a jury trial in her Title VII suit. In 1978 the Eighth Circuit joined the Fourth, Fifth, Sixth and Ninth Circuits and held that there was no right to a jury trial in Title VII suits. *Harmon v. May Broadcasting Company*, 583 F.2d 410 (8th Cir. 1978). The Court also noted in *Harmon* that "an award of back pay under Title VII for discriminatory employment practices is an integral part of the equitable remedy of reinstatement and is not comparable to damages in a common law action for breach of employment contract." *Id.* at 411. The Court of Appeals has recently affirmed its holding in

*Harmon* and the rationale for that holding in *Bibbs v. Jim Lynch Cadillac*, 653 F.2d 316, 318 (8th Cir. 1981) (action asserting both Title VII claims and 42 U.S.C. § 1981 claims), though noting that when Title VII equitable claims were combined with an action presenting legal claims (§ 1981), the parties have a right to trial by jury on the legal claims. We shall therefore grant defendants' motion to strike plaintiff's demand for a jury trial with respect to her Title VII claim only.

Second, we consider whether plaintiff may recover punitive damages or damages for emotional distress either under her Equal Pay Act claim or her Title VII claim. Plaintiff has failed to respond to defendants' contention that such damages are not recoverable in an Equal Pay Act claim.

■ The Equal Pay Act provision, 29 U.S.C. § 206(d), pursuant to which plaintiff seeks relief, was a 1963 amendment to the Fair Labor Standards Act and incorporates the enforcement provisions of that Act, 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 216. The enforcement section, § 216, has been interpreted consistently to authorize only the damages specifically set forth in the statute: unpaid wages and liquidated damages. See *Vazquez v. Eastern Air Lines, Inc.*, 579 F.2d 107, 109–110 (1st Cir. 1978), (in which the court reviewed decisions construing the statute and stated that only damages specially provided for are allowed; plus, when warranted, an additional amount as liquidated damages). No compensatory damages for pain and suffering are recoverable.

■ Though the decisional law is not as clear with respect to the allowability of compensatory and punitive damages in Title VII actions, after careful review of intervening applicable case law we reach the same conclusion now that we reached in *Tietz v. International Association of Bridge, Structural and Ornamental Iron Workers, Local 10*, No. 74–CV–43–SJ (W.D.Mo.1975), almost seven years ago. We conclude now, as we did then, that 42 U.S.C. § 2000e–5(g), which provides in relevant part:

(g) If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and *order such affirmative action as may be appropriate,* which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay (payable by the employer, employment agency, or labor organization, as the case may be, responsible for the unlawful employment practice), *or any other equitable relief as the court deems appropriate.* (emphasis ours),

authorizes recovery only of additional *equitable* relief. Compensatory damage for pain and suffering and punitive damages are traditional legal remedies. Recovery of back pay, specifically allowed by statute, is actually a form of restitution, a traditionally equitable remedy. *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 416–19, 95 S.Ct. 2362, 2370–72, 45 L.Ed.2d 280 (1974).

■ Our conclusion is supported by the decisions of all the Circuits which have directly decided the question presented. *Shah v. Mt. Zion Hospital & Medical Ctr.,* 642 F.2d 268, 272 (9th Cir. 1981) (Remedies in a Title VII action are equitable in nature. Emotional and punitive damages constitute neither equitable relief nor back pay and are not allowable). *Bundy v. Jackson,* 641 F.2d 934, 946 n.12 (D.C.Cir.1981) (Equitable relief provision of 42 U.S.C. § 2000e–5(g) precludes any award of damages for emotional harm resulting from a Title VII violation). *De Grace v. Rumsfeld,* 614 F.2d 796, 808 (1st Cir. 1980) (Neither punitive or compensatory damages for emotional distress are authorized under 42 U.S.C. § 2000e–5(g)). *Harrington v. Vandalia-Butler Board of Education,* 585 F.2d 192, 194–97 (6th Cir. 1978) (Compensatory damages are not allowable under Title VII).

*Pearson v. Western Electric,* 542 F.2d 1150, 1151–52 (10th Cir. 1976) (Neither compensatory damages nor punitive damages are recoverable). *Miller v. Texas State Bd. of Barber Examiners,* 615 F.2d 650, 654 (5th Cir. 1980) (No right to punitive damages in Title VII action, only equitable relief is available). *Richerson v. Jones,* 551 F.2d 918, 926–28 (3rd Cir. 1977) (No right to punitive damages in Title VII actions).[1] See also *Great American Federal Savings & Loan Association v. Novotny,* 442 U.S. 366, 374–75, 99 S.Ct. 2345, 2350, 60 L.Ed.2d 957 (1979) (in which in the context of a § 1985 action, the Court compares recovery authorized pursuant to 42 U.S.C. § 2000e–5(g) and states, "The Act provides for injunctive relief, specifically including back pay relief. The majority of the federal courts have held that the Act does not allow a court to award general or punitive damages. . . .")

■ *Williams v. Trans World Airlines,* 660 F.2d 1267 (8th Cir. 1981), relied on by plaintiff to support her position that allowance of compensatory damages for emotional distress in Title VII cases is proper, is not to the contrary. In *Williams,* as in *Claiborne v. Illinois Central R. R.,* 583 F.2d 143 (5th Cir. 1978) (compensatory damages allowed), a § 1981 violation, as well as a Title VII violation was present. Compensatory damages for mental anguish as well as punitive damages are recoverable in appropriate circumstances under § 1981. Our Court of Appeals in *Williams* notes that compensatory damages for humiliation or emotional suffering are appropriate remedies for deprivation of constitutional rights and cites numerous cases in support, most of which involved alleged violations of the Civil Rights Statutes of 1866, 1870, and 1871, presently codified at 42 U.S.C. §§ 1981, 1982, and 1983. None of the cases cited support recovery of compensatory damage for pain and suffering in an action based *solely* on Title VII. The question presented

---

1. We note that an earlier Third Circuit decision, *Rosen v. Public Service Electric & Gas Co.,* 477 F.2d 90, 96 (3rd Cir. 1973), referred to in footnote thirteen in *Richerson,* allowed "compensatory damages." The damages so categorized, however, were withheld pension benefits which the court makes clear were a form of restitution similar to allowance of back pay. We agree that withheld employee benefits the employee would have received but for the violation are similar to back pay and properly fall in the category of restitution, not legal damages.

in *Williams* was not whether compensatory damages are recoverable in actions based solely on Title VII, but "what is the proper legal standard for proof of mental distress," *Id.* 1272, in actions such as a § 1981 action, in which such recovery is authorized.

For the reasons stated above, it is

ORDERED (1) that defendant's motion to dismiss Count III of plaintiff's complaint which seeks recovery of punitive damages should be and hereby is granted. It is further

ORDERED (2) that defendant's motion to strike section five and section seven of Count I of plaintiff's complaint only insofar as those sections request damages for mental distress should be and hereby is granted and plaintiff's request for damages for mental distress is hereby stricken.