**William CALHOUN, Plaintiff-Appellant,**

v.

**David LANG and Forris Elliott, Defendants-Respondents.**

**Nos. 48280, 49634.**

Missouri Court of Appeals, Eastern District, Division Four.

May 14, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 1985.

Application to Transfer Denied Sept. 10, 1985.

John J. Allan, St. Louis, for plaintiff-appellant.

David Lang, Washington, D.C. (Acting as Own Atty.)

Donald L. James, St. Louis, for defendants-respondents.

SMITH, Presiding Judge.

Plaintiff appeals from summary judgments rendered against him in his suit for malpractice against the defendant lawyers. The summary judgments were entered after a trial before the court on the issue of whether plaintiff would have prevailed in his original suit against Emerson Electric Company for racial discrimination. A separate trial to the court of that issue had been ordered upon motion of the defendants. The determinative issue before us is the propriety of that order. We utilize the pleadings for the allegations of fact necessary to decide the issue before us.

Plaintiff hired the defendants to "prosecute a claim for racial discrimination under the Civil Rights Act of 1972" in the federal district court against Emerson for recovery of "back pay, lost wages, reinstatement . . . and damages . . . ." A lawsuit was filed by the attorneys on plaintiff's behalf under the Civil Rights Act of 1972, Title VII. As a result of defendants' failure to respond to discovery requests by Emerson, the case was dismissed with prejudice. Defendants "tried to correct the errors by filing a second suit based on racial discrimination

under 42 U.S.C. 1981 ...." That suit was dismissed "as being beyond the statute of limitations." Plaintiff then brought the present suit against defendants to recover damages for malpractice.

 Defendants moved, pursuant to Rule 66.02, for a "separate trial of equitable and legal issues." The basis of the motion was that under Missouri law plaintiff is required to establish that his original action was meritorious and would have been successful if it had gone to trial. *Roehl v. Ralph,* 84 S.W.2d 405 (Mo.App. 1935); *Lange v. Marshall,* 622 S.W.2d 237 (Mo.App.1981). He therefore must "re-create" or "relitigate" the underlying law suit. Defendants contended that the malpractice suit allegation concerning the purpose of the employment limited plaintiff to recovery for negligence in handling the Title VII (42 U.S.C. § 2000e, et seq.) lawsuit. Because Title VII suits involve equitable relief, they are tried to the court and no right to a jury exists. *Harmon v. May Broadcasting Company,* 583 F.2d 410 (8th Cir. 1978). Defendants further contended that "recreation" of the underlying lawsuit mandates that the determination of the meritoriousness of plaintiff's original suit be made before the same type of fact-finder as would have been utilized in the original suit—a judge rather than a jury. On the basis of this argument, the motion for bifurcation was granted and the trial previously referred to was held. Plaintiff vigorously opposed the motion for bifurcation and the denial to him of a jury trial on the issue of the merits of his racial discrimination claim.

We entertain some considerable doubts that "re-creation" of the original suit requires that a judge rather than a jury pass on the merits of plaintiff's original claim. Mo. Const. Art. I, Sec. 22(a). See *Chocktoot v. Smith,* 280 Or. 567, 571 P.2d 1255 (banc 1977) and Mallen and Levit, Legal Malpractice 2d.Ed., Sec. 672 for differing positions on this question. We do not, however, need to decide the issue. Our reading of plaintiff's petition in the malpractice action does not persuade us that he sought relief solely because of negligent handling of the Title VII claim.

 One allegation does state defendants were hired to "prosecute a claim for racial discrimination under the Civil Rights Act of 1972" (Title VII). Subsequently plaintiff alleged an unsuccessful attempt of defendants to proceed under 42 U.S.C. § 1981, that the negligence of defendants included allowing "plaintiff's suit to be dismissed after all statutes of limitations had expired," and that "[u]nder 42 U.S.C. 1981 the plaintiff would have been entitled to compensatory and punitive damages which right of recovery has now been lost." We also note that the initial allegation of the purpose of employment of the defendants includes a reference to recovery of damages, which could be sought only in a § 1981 action, not under Title VII. *Hybki v. Alexander & Alexander, Inc.,* 536 F.Supp. 483 (D.C.Mo.1982) [3–6]. Giving the plaintiff's petition the liberal reading which we must, we find it clear that plaintiff contends he employed defendants to proceed on his racial discrimination claim under either or both of the federal statutes,[1] and seeks to recover for their negligence in handling that claim.

 A party in a suit under § 1981 seeking compensatory and punitive damages is entitled to a jury trial. *Bibbs v. Jim Lynch Cadillac, Inc.,* 653 F.2d 316 (8th Cir.1981). When Title VII and section 1981 claims are presented together the parties have a right to jury trial on the legal claims and on the facts common to both the legal and equitable claims. *Bibbs v. Jim Lynch Cadillac, Inc., supra; Moore v. Sun Oil Company of Pennsylvania,* 636 F.2d 154 (6th Cir.1980); *Gates v. ITT Continental Baking Co.,* 581 F.Supp. 204 (D.C. Ohio 1984). In the case before us plaintiff is alleging that he has been denied a chance to litigate under either federal statute be-

---

1. It would be most unusual for a client to hire a lawyer to bring a suit on a particular, specified theory of recovery. Normally, the lawyer after assessing the facts presented by the client decides on the theory or theories to be pursued.

cause of the negligence of defendants. Evaluation of the merits of his charges of discrimination under § 1981 if brought alone, or under both Title VII and § 1981 if brought together, would have been by a jury. His charge of negligence is that defendants' conduct cost him both causes of action. He was entitled to a jury trial on the merits of his discrimination claim in this case.

Defendants do not assert that plaintiff failed to present evidence sufficient to establish discrimination by Emerson Electric. In responding to plaintiff's point that the court erroneously found against plaintiff on that issue, defendants rely upon *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) to argue that the finding was not against the weight of the evidence and that it was based upon the trial court's assessment of credibility. Plaintiff was entitled to have those determinations made by a jury.

Judgments reversed and cause remanded for new trial.

SNYDER and SATZ, JJ., concur.