Lewis W. ROSS, et al., Appellants,

v.

Robert I. ADELMAN, Respondent.

No. WD 38336.

Missouri Court of Appeals,
Western District.

March 10, 1987.

Robert Ernest Gould and Thomas C. Simon (Gould & Moore, of counsel), Kansas City, for appellants.

Robert I. Adelman, Kansas City, for respondent.

Before PRITCHARD, P.J., and MANFORD and BERREY, JJ.

PRITCHARD, Presiding Judge.

This is a suit based upon legal malpractice arising out of respondent's alleged negligence in defending a claim for contri-

bution brought by one Northrup against appellants upon a written guaranty of payment executed by them to the Lenexa State Bank to secure a loan to a business operated formerly by Northrup and Ross as corporate partners. That suit resulted in a judgment for Northrup against appellants for $21,167. That judgment was compromised and satisfied through the efforts of appellants' present counsel.

After appellants' evidence, in a trial to the court, judgment was given respondent.

After Northrup filed suit on January 2, 1982, Lewis W. Ross consulted with respondent about the petition, and Ross mentioned to him if they could find out what had happened to the corporate assets, accounts receivables, which were pledged to the bank, and why they had not been applied to the note. He asked respondent to find out about the assets.

According to Ross, after he paid respondent $500 on January 12, 1982, he had no contact with respondent until he appeared in court with him on August 26, 1982, when, after hearing, the Northrup judgment was entered. Ross claimed a lack of knowledge of what happened at that hearing.

It appears that the greatest complaint of improper representation, in failing to investigate and research appellant's defenses, is that of the alleged failure to ascertain the status of the corporation's pledged accounts receivable. The record is, however, totally devoid of any proof that had respondent made that investigation that it would have shown that there were accounts receivable, in fact, in existence, and that they had not been applied by Northrup to the debt. That proof by appellants is essential to their claim that the result would have been different had respondent adequately prepared their defenses. This lack of evidence is fatal to appellants' case because there is no showing that any acts or omissions complained of caused appellants to sustain damage. *Lange v. Marshall,* 622 S.W.2d 237, 239 (Mo.App.1981); *Calhoun v. Lang,* 694 S.W.2d 740, 742 (Mo.App. 1985). The rule applies to other allegations made by appellants: failure to determine if an acceptable settlement could be reached; failure properly to advise appellants of their rights in trial, such as their right to jury trial and waiving same; and allowing them to believe that the Northrup judgment would have no effect.

The judgment is affirmed.

All concur.