STATE of Missouri, ex rel. WAYSIDE WAIFS, INC., Relator,

v.

The Honorable J.D. WILLIAMSON, Jr. Circuit Court of Jackson County Missouri at Kansas City, Respondent.

No. WD 57361.

Missouri Court of Appeals, Western District.

Sept. 28, 1999.

As Modified Nov. 2, 1999.

David R. Smith, Kansas City, for relator.

Brian J. Niceswanger, Kansas City, for respondent.

Before Presiding Judge LAURA DENVIR STITH, Judge EDWIN H. SMITH and Judge ROBERT G. ULRICH.

LAURA DENVIR STITH, Presiding Judge.

Relator Wayside Waifs, Inc., requests this Court to issue its Permanent Writ of Prohibition directing Respondent the Honorable J.D. Williamson, Jr., to grant it a jury trial on the common law claims asserted against it by Melissa Hall, plaintiff in the underlying suit. Having issued a Preliminary Writ, Respondent having waived his right to oppose the Writ by failing to file suggestions in opposition, answer or briefs, Plaintiff below agreeing that a jury trial on these claims is proper and was timely requested, and our review of the claims showing that they are of the

type as to which a jury trial is normally proper, we make our writ permanent.

## I. FACTUAL AND PROCEDURAL HISTORY

This case has a somewhat unusual procedural history. Plaintiff Melissa Hall filed suit against Defendant–Relator Wayside Waifs, Inc., in *Hall v. Wayside Waifs, Inc.*, No. CV97–11993, now pending in the Circuit Court of Jackson County, Missouri. The Petition alleged that Plaintiff Hall was terminated because she was injured at work and became disabled. Counts I and II asserted claims under the Americans with Disabilities Act (ADA) and under the Missouri Human Rights Act (MHRA), for which she requested back pay, compensation for mental and physical pain and suffering, punitive damages, costs and attorney's fees. She also brought suit in Counts III, IV and V for reckless and wanton infliction of emotional distress and for retaliatory discharge for filing a workers' compensation claim and for whistle-blowing. She requested a jury trial on all counts.

Defendant Wayside Waifs filed a request for jury trial on all but the MHRA claim. The judge hearing that cause, Respondent, the Honorable J.D. Williamson, Jr., denied the request for jury trial on the basis that prior Missouri cases have held there is no right to a jury trial on claims brought under the MHRA, and that by joining her other claims with her MHRA claim, Plaintiff Hall had waived her right to a jury trial on all claims, as the legal and factual issues underlying these claims are unavoidably overlapping.

Wayside Waifs filed its Petition for Writ of Prohibition in this Court on June 18, 1999, requesting us to direct Respondent to grant it a jury trial on Plaintiff Hall's claims other than her MHRA claim. We directed Respondent to file suggestions in opposition by July 1, 1999. In most cases in which a judge is the Respondent and a writ is requested because the Relator disagrees with the trial judge's ruling, the

opposing party below—here Plaintiff Hall—files suggestions in opposition on behalf of the trial judge. This makes sense, for in most cases the opposing party will be the beneficiary of the ruling as to which Relator seeks a writ.

In this case, however, Plaintiff Hall was also in disagreement with Respondent's decision to deny the request for a jury trial on the non-MHRA claims, as she in fact had requested a jury trial on those claims and on the MHRA claim as well. On June 30, 1999, Plaintiff Hall thus filed additional suggestions in *support* of the Petition for Writ of Prohibition, asking us to direct Respondent to grant the request for jury trial on the non-MHRA claims and to order him to do so on the MHRA claims as well.

No suggestions in opposition to the writ having been filed, this Court issued its Preliminary Writ of Prohibition on July 2, 1999, directing Respondent to either vacate his order denying a jury trial on the common law claims or to file an Answer and briefing in this Court pursuant to a schedule set out in our Preliminary Writ. Respondent has failed to file either an Answer or briefing, however. Accordingly, we treat the case as submitted solely on the Petition and the two sets of suggestions and supporting documents, and consider Respondent to have waived his right to brief and argue the issue whether Relator is entitled to a jury trial on the non-MHRA claims asserted against it.

## II. RELATOR IS ENTITLED TO ISSUANCE OF A PERMANENT WRIT

Respondent Judge denied Relator's request for jury trial on the basis that, by joining her MHRA and common law claims, Plaintiff Hall had waived her right to jury trial on the latter claims, as the issues involved in the two claims are so overlapping. Relator asserts that this did not provide a basis for Respondent to deny

its request for jury trial on the non-MHRA claims. We agree.

■ First, to the extent that Respondent's ruling was based on the rationale that Plaintiff Hall's decision to join the claims affirmatively waived the right she would otherwise have to a jury trial, we note that this writ concerns Respondent's denial of *Defendant–Relator's* request for jury trial. Even if we were to assume Plaintiff Hall waived her own right to jury trial by filing her claims in the manner she did (and we do not so hold), we fail to see how she can be held to have the capacity or right to waive *Defendant's* right to jury trial. Defendant committed no affirmative act which could constitute a waiver of any jury trial right it otherwise has.

We thus turn to the issue whether Defendant, the Relator herein, has a right to jury trial on the claims against it. As Respondent and Relator both agree, prior decisions by the other Districts of this Court have explicitly held that there is no right to a jury trial under MHRA, as it provides a statutory cause of action which did not exist at common law, the remedies it provides are generally equitable in nature, and the statute contains no provision entitling persons suing under it to a jury trial. *See, e.g., Cook v. Atoma Intern. of America,* 930 S.W.2d 43 (Mo.App.1996); *State ex rel. Tolbert v. Sweeney,* 828 S.W.2d 929 (Mo.App.1992). This contrasts with the approach taken to submission of a MHRA claim by the federal courts. The Eighth Circuit specifically addressed the issue of the right to a jury trial of a MHRA claim in *Equal Employment Opp. Comm'n v. HBE Corp.,* 135 F.3d 543 (8th Cir.1998). It held that, even though plaintiff asserted a MHRA claim, "the availability of a jury trial is a question of federal law, however, even when state claims are

being tried [citation omitted] ... Because MHRA permits the recovery of money damages, it is considered a traditional legal action for which a jury trial is available in federal court." *Id.* at 551.

Neither this Court nor our Supreme Court has ever reached the issue whether there is a right to a jury trial under MHRA under state law, and we specifically decline to decide that issue here, for resolution of that issue is not necessary to the decision on this appeal. This is because Relator (defendant below) has only requested a jury trial on Plaintiff's non-MHRA claims. While Plaintiff did request a jury trial on her MHRA claims below, she has not filed a writ directed to this issue in this Court and that issue is therefore not before us. Believing it unwise policy to decide an issue which has not been fully briefed and which is not necessary to the decision in the case, we therefore assume *solely for the purposes of this opinion* that there is no right to jury trial for the MHRA claim, and proceed accordingly.[1]

■ The question before us thus narrows to the issue whether, when suit is brought asserting common law claims as to which there is normally a right to a jury trial, is a jury trial nonetheless precluded by the fact that these claims have been joined with other claims as to which (for purposes of this opinion we assume) there is no right to jury trial? Respondent seemed to believe that joinder of these claims resulted in such an intermixing of legal and equitable theories as to preclude a jury trial. From his brief ruling below, it appears that he held that, where both legal and equitable claims are made based on the same facts, so that the evidence will largely overlap on the various claims, then

---

1. While Plaintiff Hall did argue to this Court that she believed she had a right to jury trial on her MHRA claim also, she has not filed a Petition for Writ on this issue, or suggested how the trial court acted outside its jurisdiction in applying the controlling law in this area, as necessary for issuance of a writ. It is for this procedural reason that we do not reach the issue of the right to a jury trial under MHRA, and the issue whether this Court concurs with the other districts of this Court that there is no right to jury trial under MHRA thus remains an open question in this district.

it is not feasible to separately try the legal claims to the jury and the equitable claims to the court, as the evidence on these claims will be duplicative and separate hearings on the claims would thus be wasteful.

■ In effect, Respondent was invoking the principle that "once a court of equity gains jurisdiction over a matter, it will retain jurisdiction over the entire matter and may resolve incidental legal issues without a jury in order to render full relief." *Washington Univ. Med. Ctr. v. Wolfgram*, 730 S.W.2d 289, 291 (Mo.App. E.D.1987). Similarly, under the "equitable clean-up doctrine," as explained in *Thornbrugh v. Poulin*, 679 S.W.2d 416 (Mo.App. 1984), a court may decide incidental legal issues where the principle claims are in equity and involve the same factual issues, such as where claims for legal relief, such as damages, are joined with claims for equitable relief, such as an injunction or reinstatement, and:

> Unless the trial court, after hearing evidence, determines that an equitable remedy is inappropriate, the trial court, sitting without a jury, has jurisdiction to hear and decide the legal issues, as well as the equitable ones.

679 S.W.2d at 418.

■ Applying similar principles, "where the demand for a jury trial arises subsequent to a case being granted equity jurisdiction, the court is instructed to stay the jury demand until after the determination of the equitable claims and if such claims are decided adversely to the plaintiff, equity jurisdiction is lost and a jury trial should be ordered." *Washington Univ.*, 730 S.W.2d at 291, *citing, Krummenacher v. Western Auto Supply Co.*, 358 Mo. 757, 217 S.W.2d 473, 475 (Mo. banc 1949). Thus, if plaintiff brings an equitable claim, but defendant answers with a counterclaim that sounds in law rather than in equity, equity will still retain jurisdiction of the suit until the court resolves the equitable issues. If they are rejected, so that only the legal issues remain, then the counterclaim will be determined by a jury at law; but, if plaintiff succeeds on her equitable claims, and this also requires dismissal of the counterclaim, then the court may dismiss the counterclaim without first submitting it to a jury for trial.

None of these principles required denial of the jury trial request here. First, Plaintiff Hall did make a request for jury trial in her Petition, and Defendant requested one in its Answer to these claims, not in a counterclaim. Thus, this is not a case, like *Washington Univ.*, 730 S.W.2d at 291, in which equitable jurisdiction had already attached before the legal claims and demand for jury trial arose. Moreover, here Plaintiff Hall's non-MHRA claims are not principally equitable in nature, with only an incidental request for legal relief. Plaintiff Hall's claims are for monetary damages. She requests neither an injunction nor reinstatement.

In a similar situation, *Calhoun v. Lang*, 694 S.W.2d 740 (Mo.App. E.D.1985), held that where plaintiff presented both a claim for damages under 42 U.S.C. Section 1981 as to which she was entitled to a jury trial and a claim under the Civil Rights Act of 1972, 42 U.S.C. Section 2000e et seq. (Title VII), as to which there was no entitlement to a jury trial, "the parties have a right to jury trial on the legal claims and on the facts common to both legal and equitable issues." *Id.* at 742.

Indeed, even *Tolbert v. Sweeney*, 828 S.W.2d 929, which, as noted earlier, is one of the decisions of the Eastern District of this Court which held that there is no right to a jury trial on a claim brought under the MHRA, recognized that this fact would not defeat plaintiff's right to a jury trial on her legal claims in the same suit. In that case, plaintiff sued for age discrimination under the MHRA and also filed suit under the Federal Employer's Liability Act (FELA), 45 U.S.C. Section 51 et seq. *Tolbert* sustained Defendant's motion to sever the two counts, and to try the MHRA count to the court and the FELA count to a jury. In so doing, it held that there is no right to a jury trial for a MHRA claim

since many of the remedies available for its breach sound in equity. It rejected the claim that the trial court should nonetheless allow a jury to decide the MHRA claim because it involved the same issues as were involved in the FELA claim, thus avoiding piecemeal trials and possibly conflicting results, however, saying that issue was not presented in the petition for writ and thus was not properly before it. In so doing, *Tolbert* assumed that plaintiff's right to jury trial on the remaining FELA claim was unaffected by the fact that there was no such right on the MHRA claim, and in fact stated that "Relator's right to jury trial on Count II is undisputed." 828 S.W.2d at 930.

█ We agree. We hold that, **assuming solely for the purposes of this opinion that there is** no right to a jury trial on the MHRA claim, this would not provide a basis for denying a jury trial on the remaining claims where, as here, they sound at law. We share Respondent's concern that this could result in some duplication of effort, but this concern does not provide a sufficient basis to deny the parties their right to jury trial on the other claims. Moreover, any duplication of effort can be largely avoided by impaneling a jury and hearing evidence on the legal issues first. As *Calhoun* suggested should occur on remand of that case, the jury should be asked to determine the legal claims, including the factual issues relevant to both legal and factual claims. 694 S.W.2d at 742. Once the legal claims are resolved, the court can then separately hear any additional evidence relevant to the MHRA claim and resolve it. This avoids the need to present the evidence relevant to both claims twice.

For the reasons stated herein, we make our Writ of Prohibition permanent.

Judge EDWIN H. SMITH and Judge ROBERT G. ULRICH, concur.