Randy R. DUNN, et al., Respondents,

v.

BEMOR PETROLEUM, INC., H.E. Brannan, H. Keith Robley, and Conrad Markmueller, Appellants.

Nos. 47946, 48085.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 9, 1984.

Application to Transfer Denied Dec. 18, 1984.

Campbell & Campbell, David L. Campbell, Karen B. Kotner, St. Louis, for appellants.

Richard P. Sher, Joseph J. Simeone, Christine M. Kazanas, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, for respondents.

CRIST, Presiding Judge.

This is an appeal from a summary judgment granted purchasers of unregistered securities for violations of the Missouri Uniform Securities Act by sellers. Appellant sellers consolidate their appeal from two orders: (1) granting summary judg-

ment in favor of respondent buyers on October 4, 1983, and (2) determining the amount of interest, costs and attorneys' fees on November 3, 1983. We affirm.

Buyers are Missouri residents. Seller, Bemor Petroleum, Inc., is an Illinois corporation with its principal place of business in St. Louis, Missouri. Seller's principal business in 1982 was promotion of interests in oil wells. Co-defendants were the officers and directors of seller at the time Bemor sold the securities to buyers. Seller and its officers and directors are collectively referred to herein as "sellers."

The action which led to this appeal was a suit brought by buyers against sellers to rescind the sales of unregistered securities in violation of Chapter 409, RSMo 1978. Sellers answered. Buyers filed a motion for summary judgment with supporting affidavits. Sellers filed contrary affidavits. On October 4, 1983, the trial court granted summary judgment against all sellers and in favor of buyers in the aggregate amount of $81,510, plus interest, costs and reasonable attorneys' fees. The trial court then directed a hearing to be held to determine the amount of interest, costs and attorneys' fees. On November 3, 1983, the trial court awarded buyers interest in the aggregate of $8,616.96, costs in the amount of $514.14 and attorneys' fees in the amount of $30,042.32. Section 409.411(a). Sellers appeal both the October 4th summary judgment order and the award of November 3, 1983.

In 1982, sellers sold buyers working interests in Illinois gas and oil leases. The contracts of sale were executed and delivered in Missouri. Payment was delivered to seller in Missouri. Seller failed to register in Missouri the working interests in the gas and oil leases in violation of Section 409.301, RSMo 1978. Sellers filed counteraffidavits alleging, among other things, buyer knew the securities were not registered in Missouri.

Sellers argue issues of fact remain for trial on their three defenses: (1) the lack of knowledge defense available to the officers and directors of seller under Section 409.-411(b); (2) estoppel; and (3) *in pari delicto*.

■ The undisputed facts set forth in their answer and affidavits show appellant officers and directors were aware of all facts from which their liability is alleged to exist. Therefore, they are in the same shoes as seller by reason of Section 409.-411(b).

■ Insofar as the estoppel and *in pari delicto* defenses are relevant, the primary issue on this appeal is whether buyers' alleged knowledge of seller's violation of our blue sky laws at the time of the sale of the securities constituted a defense to a suit under Section 409.411(a). Sellers rely on Section 409.411(f):

(f) No person who has made or engaged in the performance of any contract in violation of any provision of this act or any rule or order hereunder, or who has acquired any purported right under any such contract with knowledge of the facts by reason of which its making or performance was in violation, may base any suit on the contract.

This provision of the act is not applicable to the facts in this case. Buyers are not seeking any right under a contract. Their rights are derived from the statute. *Caldwell v. Trans-Gulf Petroleum Corporation*, 311 So.2d 80, 85 (La.App. banc 1975).

■ Our blue sky laws were drafted with the intent to prevent fraud in the sale of securities. It is primarily through civil liability proceedings that the Missouri Act is enforced. The equitable defense of estoppel and *in pari delicto* are not defenses to the liability created under Sections 409.-411(a) and (b). *Covert v. Cross*, 331 S.W.2d 576, 585 (Mo. banc 1960). With such defenses, sellers could avoid liability under the registration provisions by informing would-be purchasers that the securities were unregistered. This would defeat the purpose of our blue sky laws. Further, our State's interest in requiring registration of securities overrides the possibility that a knowing purchaser may receive an inequitable windfall. We recognize other

jurisdictions are split as to whether equitable defense are available under state blue sky laws. However, the mandate of *Covert, supra,* when considered with the interest of the state of Missouri, moves us toward the policy of denial of such equitable defenses.

■ We need address only briefly the alleged procedural improprieties prior to the October 4, 1983, summary judgment order. Sellers assert the trial court erred in denying their motion for continuance and in refusing to consider their motions to compel discovery. Both motions were filed the date of the hearing on the motion for summary judgment. No affidavit was filed with the motion for continuance. The motions were not timely filed. There was no abuse of the trial court's discretion. Sellers do not show what additional facts they would have uncovered if the trial court had ruled in their favor.

The October 4, 1983, interlocutory judgment in favor of buyers was properly entered. By that order, the trial court determined liability, ordered recovery of the consideration paid by buyers, and found buyers were entitled to interest, costs and reasonable attorneys' fees. The amount of the interest, costs and attorneys' fees was to be determined at a later date.

There is no dispute as to facts regarding liability, consideration paid, interest and costs. Mechanical calculation of the interest due, mechanical calculation of costs, and the introduction of evidence to determine reasonable attorneys' fees was all that remained to be done. Sellers contend they were entitled to a jury trial on the issue of reasonable attorneys' fees and to file further pleadings. They complain about procedural improprieties of the trial court occurring after the October 4, 1983, interlocutory judgment.

On October 6, 1983, sellers filed motions for leave of court to file counterclaims and third party claims. The motions were denied on October 14, 1983. On October 21, 1983, a hearing was set for October 31, 1983, to determine the amount of interest, costs and attorneys' fees. At sellers request, the hearing was continued to November 3, 1983. Immediately prior to the hearing on November 3, 1983, sellers filed and served motions for jury trial, change of judge, and for leave to file counterclaims and third party claims. All of these motions were overruled.

■ Sellers' motion for leave to file counterclaims and third party claims came too late. They were filed after the trial court had granted buyers' motion for summary judgment. See *Conchola v. Kraft,* 575 S.W.2d 792, 794 (Mo.App.1978). The motion for change of judge was not timely filed. The motion for jury trial is more difficult of resolution. Rule 74.04(c) provides in part: "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." Rule 74.04(h) provides: "In no case shall a summary judgment be rendered on issue triable by jury or the court without a jury unless the prevailing party is shown by unassailable proof to be entitled thereto as a matter of law." Rule 69.01(a) provides in part: "The right of trial by jury ... shall be preserved to the parties inviolate."

■ Summary judgment was proper on all issues in the case at bar excepting the amount of attorneys' fees. Section 409.411(a) provides for buyers to sue in law or equity. The action by buyers was an equitable one for recision and recovery of consideration paid, plus interest, costs and attorneys' fees. When equitable jurisdiction attaches, the court, without aid of a jury, may determine the legal issues incident to the entire case. *Linville v. Wilson,* 628 S.W.2d 422, 425 (Mo.App.1982).

The judgments and orders of the trial court are affirmed.

PUDLOWSKI and SIMON, JJ., concur.