**SIESTA MANOR, INC., Appellant,**

v.

**COMMUNITY FEDERAL SAVINGS AND LOAN ASSOCIATION, f/k/a, Carondelet Savings and Loan Association, Respondent.**

**No. 50394.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 12, 1986.

Rehearing Denied Sept. 24, 1986.

Jerome J. Duff, St. Louis, for appellant.

Robert C. Jones, Steven W. Koslovsky, Clayton, for respondent.

SNYDER, Chief Judge.

Plaintiff, Siesta Manor, Inc., appeals from a judgment dismissing with prejudice its petition against defendant Community Federal Savings and Loan Association (succeeding and replacing Carondelet Savings and Loan Association).

Siesta filed a civil action for money damages against Carondelet alleging Caronde-

let breached a construction loan contract prior to and in connection with a foreclosure sale of plaintiff's real estate in Jefferson County, Missouri. Carondelet filed a motion to dismiss Siesta's cause of action claiming that the action was barred by the principles of res judicata and collateral estoppel because of an earlier final judgment of the Jefferson County Circuit Court involving the same parties. This court agrees and affirms the judgment of dismissal.

It will be necessary to include relevant facts from the earlier Jefferson County cause of action in which Siesta sought to set aside a foreclosure sale. Siesta, a Missouri Corporation, purchased property for the development of a mobile home park in Jefferson County, Missouri. Siesta, on February 19, 1973, borrowed the money from Carondelet to purchase this land and develop the park.

Chicago Title Insurance Company was a party to this loan transaction, acting as the escrowee of the loan amount under a construction and disbursing escrow agreement which appellant contends Carondelet breached. Carondelet was to deposit the construction contract amount with Chicago Title for disbursement to Siesta. The loan proceeds were placed in a loan in process account. Siesta was to pay interest on the loan to Carondelet for twenty-four months and principal and interest thereafter.

Siesta failed to pay the interest payments for some months between February 1973 and January 1975. Carondelet withdrew sums from the loan in process account to cover the interest payments due. Siesta reimbursed Carondelet for the interest payments on April 10, 1975. The loan was extended from January 1, 1975, to July 1975. After April 10, 1975, Siesta did not make any principal or interest payments. Carondelet then foreclosed.

Siesta did not tender nor offer to tender the loan arrearages to Carondelet, nor did it take any action to prevent a foreclosure sale although it knew about the sale ahead of time. The property was foreclosed on June 19, 1978.

The trustee at the foreclosure sale, the general counsel of Carondelet, purchased the property for $285,000.00. Carondelet contracted for the sale of the property on July 3, 1978, for a price of $600,000 and later sold it for that amount.

Carondelet received $185,000 from Chicago Title in settlement of a lawsuit Carondelet brought against Chicago Title arising out of a dispute concerning the loan disbursement contract account. Siesta was not a party to the lawsuit nor was it informed by Carondelet of the settlement payment. Carondelet credited the $185,000 settlement amount to Siesta's account on the date of the foreclosure sale, although it had received the payment some months prior to the sale.

Siesta did not take any action to redeem the property under Chapter 443 RSMo. 1978.

In July 1978, Siesta filed an action for damages in St. Louis County which was amended in June 1979 by adding a count seeking to set aside the foreclosure sale. The count requesting that the foreclosure sale be set aside as void was later withdrawn. Siesta then filed suit in Jefferson County in September 1980, again to have the foreclosure sale set aside. Although Siesta sought the equitable remedy of voiding the foreclosure sale, it also prayed for "such other and further orders as this court deems appropriate herein".

The Jefferson County trial court found that the foreclosure sale was inequitable but that it should not be set aside because many subsequent transfers of portions of the property had taken place to various third parties.

Saying that the action was an equitable action but that the court could provide legal, as well as equitable relief, the court ordered that Carondelet credit Siesta with the $600,000 realized by Carondelet in its sale of the property, subject to any valid claims of Carondelet against Siesta. The court concluded that its determination of the action was a final judgment even though an accounting or negotiations be-

tween the parties might be necessary in order to calculate the exact amount of the judgment.

After the accounting between the parties, Siesta was entitled to execute on the judgment in the amount of $99,195 plus interest. Both Siesta and Community Federal, Carondelet's successor, appealed the judgment. Community Federal failed to post an appeal bond. Siesta ordered an execution on the judgment, and Community Federal satisfied the judgment by giving Siesta's attorney a certified check for $138,634.67.

Siesta's attorney endorsed and negotiated the check for the full amount of the judgment. Because Siesta voluntarily collected the entire judgment, its appeal to this court from the Jefferson County case was dismissed as moot.

Community Federal then moved to dismiss Siesta's pending action for money damages in Count I of the case previously filed in St. Louis County based on the doctrines of res judicata, collateral estoppel, and election of remedies. The trial court granted Community Federal's motion to dismiss. This appeal by Siesta followed.

■ Siesta presents three points relied on in its brief. Points I and III do not comply with Rule 84.04(d) as they are merely abstract statements of law citing no allegations of trial court error. Accordingly, points I and III are denied as they present nothing for review. Rule 84.08(a).

In its remaining point, Siesta alleges the trial court erred in failing to recognize that the law of Missouri provides two separate remedies for wrongful foreclosure: 1) a suit in equity to set aside the foreclosure, and if unsuccessful, 2) a civil action for damages for breach of the mortgage transaction agreements. Siesta's point is denied and the judgment dismissing the appeal is affirmed.

■ The appeal is from the trial court's order dismissing Siesta's petition. This court must therefore examine the pleadings giving them their broadest meaning, construe the allegations in favor of Siesta, and determine whether any ground for relief has been stated under substantive principles of law. *Foster v. Foster*, 673 S.W.2d 108, 109[1, 2] (Mo.App.1984).

Siesta contends that the relief granted by the trial court in its original action was equitable relief in the form of an accounting rather than the legal relief of damages.

The Jefferson County court noted in its judgment entry that the action was equitable but that it could provide legal, as well as equitable relief, *citing Lee v. New Age Federal Savings and Loan Association*, 425 S.W.2d 271 (Mo.App.1968). The trial court proceeded to find that the foreclosure sale was inequitable but that it should not be set aside because of the numerous subsequent transfers of portions of the real estate to third parties. The court's judgment then read: "Equity can act, however, to credit plaintiff with the full proceeds realized from the subsequent sale of the property by Carondelet subject to any valid claims of said defendant, and the court grants relief to plaintiff in this manner."

■ The trial court had the authority to grant legal relief although the case was brought as an equitable action. *Craig v. Jo B. Gardner, Inc.*, 586 S.W.2d 316, 325 [11–13] (Mo. banc 1979). In *Craig*, the court ruled that a claim for quantum meruit legal relief could be granted in an equitable action for an attorney's lien.

"The fact that quantum meruit relief is normally granted in an action at law is not a bar to our right to grant it herein, assuming such relief is otherwise proper. Once a court of equity has rightful possession of a case, as is true here, it will not relinquish it short of doing complete justice, within the scope of the pleadings and evidence, particularly under a general prayer for relief, even though it must render relief traditionally legal in order to do so, and even if the litigant has mistaken the specific relief to which he is entitled ... (citations omitted).

*Id.* at 325 [11–13].

■ When equitable jurisdiction attaches, the court, without aid of a jury,

may determine the legal issues incident to the entire case. *Dunn v. Bemor Petroleum, Inc.*, 680 S.W.2d 304, 307[8, 9] (Mo. App.1984). This legal maxim is especially applicable in cases where there is a general prayer for relief or a prayer for both types of relief. *Metropolitan St. Louis Sewer District v. Zykan*, 495 S.W.2d 643, 658(29) (Mo.1973).

■ Although an award of damages is usually a legal remedy, a court of equity may award damages where they are the relief necessary in order to do equity. *State ex rel. Willman v. Sloan*, 574 S.W.2d 421, 422[1, 2] (Mo. banc 1978). The trial court may resort to a remedy within the traditional province of law, as by a judgment for money by way of restitution. *Perry v. Perry*, 484 S.W.2d 257, 259[2, 3] (Mo.1972).

■ In order to decide the legal issues, the court sitting in equity must first determine that some equitable right of the plaintiff has been violated. *Willman*, 574 S.W.2d at 423; *Lee*, 425 S.W.2d at 273[1].

■ Siesta specifically sought to have the foreclosure sale set aside in the Jefferson County suit. In addition, however, the prayer for relief included a prayer for general relief: "for such other and further orders as this Court deems appropriate herein;". By including a prayer for general relief in its petition, Siesta cannot now deny seeking legal relief if that is what the court deemed appropriate.

■ The trial court found that an equitable right of Siesta had been violated; that the foreclosure sale was inequitable. The court chose not to set the sale aside, however, because a number of subsequent transfers of the property had already taken place. The court's finding that the sale was inequitable was sufficient to attach equitable jurisdiction in the court and to authorize the award of legal relief in the form of damages. The relief granted was in fact based on the agreement sued on in the case under review.

■ Because Siesta has recovered in its first action, this action was properly dismissed. The doctrine of res judicata applies "not only to points and issues upon which the court was actually required by the parties to form an opinion and pronounce judgment, but to every point which properly belongs to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." *Moore v. Beck*, 664 S.W.2d 15, 18[6–8] (Mo.App.1984).

■ This principle holds true even if separate legal theories can be advanced to support claimant's position. Separate legal theories are not to be considered as separate claims, even if "the several legal theories depend on different shadings of the fact, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief." Restatement of Judgment 2d § 24 comment c; *Dreckshage v. Community Federal Savings And Loan*, 641 S.W.2d 831, 834 (Mo.App.1982).

In *Dreckshage*, plaintiffs were barred by res judicata from bringing a second suit for accounting or for cancellation of a trustee's deed when in the first action defendant savings and loan was found to be a bona fide purchaser for value. The court noted that plaintiffs could have brought the second claim in the original suit. *Id.* at 834.

Siesta contends that this second suit should not be barred because the law of Missouri authorizes the victim of a wrongful foreclosure sale to bring two separate, concurrent actions: 1) an action in equity to set aside the foreclosure sale, and, if the equity action is unsuccessful, then 2) a civil damage action. Siesta cites as the leading case for this proposition *Peterson v. Kansas City Insurance Co.*, 98 S.W.2d 770 (Mo.1936).

In *Peterson* the court noted that when a foreclosure sale is wrongful, the mortgagor has the right in equity to have it set aside. If innocent purchasers are involved, the mortgagor may let the sale stand, and sue at law for damages, but once he sues at law for damages, the mortgagor is es-

topped to attack the foreclosure sale in equity. *Id.* at 775[5–10].

The *Peterson* case is not apposite. Here Siesta did attempt to have the foreclosure sale set aside. The court denied this relief because innocent purchasers had become owners of the land through subsequent transfers. The trial court granted legal relief in the form of money damages because the equitable relief of foreclosure would not have been fair to the innocent purchasers.

Siesta also relies on a portion of C.J.S. discussing the Election of Remedies which states:

"b. Between Concurrent and Consistent Remedies

The pursuit of one remedy will exclude the pursuit of another only where the remedies are inconsistent; where remedies are concurrent and consistent, whether against the same person or different persons, a party may pursue one or all of such remedies *until* satisfaction is had, and similarly, no election is required between remedies for distinct causes of action arising out of separate and distinct facts." Emphasis supplied. 28 C.J.S. Election of Remedies, § 28(b), p. 1063.

In the case under review, Siesta actually received satisfaction in the first suit. Therefore, the second suit is barred. The two separate suits arose out of the same set of facts. The trial court granted legal relief in the form of damages pursuant to Siesta's general prayer for relief. The trial court decided the case at law because the equitable remedy was not appropriate. Legal relief having been obtained in the first suit, and the judgment satisfied, the second suit is barred by res judicata.

The Jefferson County trial court found, among other similar facts, that Carondelet withdrew money from the loan in process account for interest payments due; that Carondelet received $185,000 from Chicago Title but failed to inform Siesta of this settlement, although it had a fiduciary duty to do so, and did not credit the sum to Siesta's account until the date of fore-

closure. The trial court used this evidence to support its conclusion that the foreclosure sale was inequitable. Siesta's petition in the St. Louis County Circuit Court, the dismissal of which is being appealed here, sought damages from Carondelet for breach of the escrow agreement and alleged the same acts of misconduct. The doctrine of res judicata applies. The trial court did not err when it dismissed Siesta's petition.

Respondent's motion for frivolous appeal has been considered and is denied.

The judgment dismissing plaintiff's petition is affirmed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.