996 F.2d 943
 Willie JONES, Plaintiff-Appellant,
v.
Dick MOORE, Director of the Missouri Department of
Corrections and Human Resources; George Lombardi,
Director of Adult Institutions; Larry
Henson, Defendants-Appellees.
 No. 92-2580.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 17, 1993.
Decided June 28, 1993.
Rehearing Denied Aug. 3, 1993.
 
 Lori Baskins, St. Louis, MO, argued for plaintiff-appellant.
 Bruce Farmer, Jefferson City, MO (William L. Webster and Bruce Farmer, appear on the brief), for defendants-appellees.
 Before BOWMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 FLOYD R. GIBSON, Senior Circuit Judge.
 
 
 1
 Willie Jones challenges the district court's[1] grant of summary judgment denying his 42 U.S.C. § 1983 claim that he had a liberty interest in being afforded an opportunity to participate in the Missouri Sexual Offenders Program ("MOSOP"). We affirm.
 
 I. BACKGROUND
 
 2
 In September 1982, Jones was sentenced to three concurrent terms of 15 years for the crimes of first degree robbery, first degree burglary and forcible rape. Jones was first housed at the Missouri Training Center for Men, a level IV security facility. In 1984, after being found guilty of attempted escape, Jones was transferred to the Missouri State Penitentiary, which is a Level V institution. On June 25, 1988, Jones was informed by the parole board that he was scheduled for release on October 19, 1990, but his release was contingent on the completion of the MOSOP program. MOSOP, however, was only available at two Level IV institutions and one Level V institution for HIV inmates.[2] Jones requested a transfer to a Level IV facility, but his request was denied because his previous escape attempt prevented his return to a facility with the same security level; thus, he had to remain in a Level V facility. Jones twice pursued administrative appeals, but both attempts failed.
 
 
 3
 On August 1, 1989, Jones filed a 42 U.S.C. § 1983 action in district court alleging that he had a liberty interest in participation in MOSOP and that he was denied due process and equal protection under the law. In June 1990, the parole board cancelled the October 1990 parole date because Jones had not completed the MOSOP program. Jones then filed a pro se complaint in state court seeking to enforce the October release date. On January 28, 1991, the state court denied Jones' habeas claim. On December 17, 1991, Jones was transferred to a Level IV facility that offers MOSOP pursuant to an administrative override policy. On December 27, 1991, the district court adopted the magistrate judge's recommendation that Jones' motion for summary judgment be denied and the defendants' motion for summary judgment be granted. Jones appeals the district court's order.
 
 II. DISCUSSION
 A. Res Judicata
 
 4
 In examining the effect of Jones' suit in state court, we begin with the observation that "issues actually litigated in a state-court proceeding are entitled to the same preclusive effect in a subsequent federal § 1983 suit as they enjoy in the courts of the State where the judgment was rendered." Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 83, 104 S.Ct. 892, 897, 79 L.Ed.2d 56 (1984). Under Missouri law, a final judgment in a case bars subsequent suits arising from the same sequence of acts or events. Fleming v. Mercantile Bank & Trust Co., 796 S.W.2d 931, 934-35 (Mo.Ct.App.1990); Siesta Manor, Inc. v. Community Fed. Sav. & Loan Ass'n, 716 S.W.2d 835, 839 (Mo.Ct.App.1986).
 
 
 5
 Jones' state lawsuit sought habeas relief in an attempt to enforce the preliminary October 19 release date and monetary damages under 42 U.S.C. § 1983 in the event he was not released on that date. Jones contends his prior suit does not bar the current action because the relief sought was different: he previously sought release regardless of MOSOP whereas he now complains about the denial of access to MOSOP. Nonetheless, the same set of derivative facts are involved, and neither the employment of different, previously unadvanced theories of liability nor requests for previously unsought relief arising from those facts will allow Jones to avoid the bar imposed by his state court action. Barkley v. Carter County State Bank, 791 S.W.2d 906, 913 (Mo.Ct.App.1990); Siesta Manor, 716 S.W.2d at 839.[3]
 
 B. Due Process/Liberty Interest
 
 6
 Though our ruling in Part II.A., above, resolves this case in favor of the appellees, we believe it useful to address the due process issue raised in this case.
 
 
 7
 Jones concedes he does not have a liberty interest in parole. He instead frames the issue as whether he has a liberty interest in participating in MOSOP independent of any right to parole. He first argues that the laws and regulations relating to MOSOP create a liberty interest. "A state created liberty interest arises in situation in which the state has placed substantive limitations on the exercise of official discretion." Clark v. Brewer, 776 F.2d 226, 230 (8th Cir.1985); see also Patchette v. Nix, 952 F.2d 158, 160 (8th Cir.1991). Mo.Rev.Stat. § 589.040.1 requires the director of the department of regulations to "develop a program of treatment, education and rehabilitation for all imprisoned offenders who are serving sentences for sexual assault offenses." Section 589.040.2 requires all such inmates to successfully complete this program; however, this has been interpreted as requiring completion of MOSOP prior to release on parole and does not extend a prisoner's sentence. Patterson v. Webster, 760 F.Supp. 150, 153 (E.D.Mo.1991). Similarly, the department's regulations provide that all sex offenders "shall be required to participate" in MOSOP and that the program "shall be available" to all such inmates. Beyond these pronouncements, the Missouri Legislature and the Department of Corrections have not provided guidelines for determining when an inmate must be allowed to participate in MOSOP. "The search is for relevant mandatory language that expressly requires the decisionmaker to apply certain substantive predicates in determining whether an inmate may be deprived of the particular interest in question." Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 464 n. 4, 109 S.Ct. 1904, 1910 n. 4, 104 L.Ed.2d 506 (1989) (emphasis in original). Our search in this case reveals no language of this type; consequently, state law does not grant inmates a liberty interest in participating in MOSOP at any particular time relevant to their presumptive parole dates.
 
 
 8
 Jones also attempts to base his claim on the department's practice, as reported in various affidavits, of placing inmates in MOSOP 18-24 months prior to their presumptive release date. We find the argument unpersuasive. A practice, unmotivated by statute or formal administrative policy, does not amount to a restriction on official discretion. Given that restraints on discretion give rise to a liberty interest, see Clark, 776 F.2d at 230, the practice Jones relies on does not create a protectable liberty interest. Moreover, at the relevant time, the department's practice was to treat inmates such as Jones exactly as he was treated; that is, to transfer him to a facility with a higher security level after his attempted escape and bar him from returning to a facility with a lower security level. When the two practices are viewed together, it is obvious the department's tendency to place prisoners in MOSOP 18-24 months prior to their release date does not provide mandatory guides to the officials' discretion. In summary, we hold that Jones did not have a liberty interest in participating in MOSOP at the time he desired to do so, and by his voluntary action of escape he had at that time eliminated his availability for the program.
 
 III. CONCLUSION
 
 9
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri
 
 
 [2]
 At the time, HIV positive inmates were all housed together in one, level V facility, and no HIV negative inmates were allowed in the facility. The state no longer segregates inmates on this basis
 
 
 [3]
 Two of the three defendants--Moore and Lombardi--were defendants in state court. The fact that the third defendant--Henson--was not a defendant in the state court lawsuit does not deprive him of the ability to invoke the bar imposed by the prior suit's judgment. See e.g., Barkley, 791 S.W.2d at 914