51 F.3d 277
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
David KOCH, Appellant,
v.
Dick MOORE; Gail Hughes; George A. Lombardi; Myrna
Trickey; Dale Riley; Cranston Mitchell; Paul D. Caspari;
Ted Firteg; Barry Dolan; Janet Schneider; Jeanie
Schneider/Theis; Randee Kaiser; The State of Missouri; Mr.
Unknown Nash; Betty Day; Missouri Department of Corrections
and Human Resources; Missouri Board of Probation and
Parole, Appellees.
 No. 93-2300.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 16, 1995.
Filed: Apr. 4, 1995.
 
 Before WOLLMAN, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 David Koch, a Missouri inmate, appeals the district court's dismissal of his complaint for failure to state a claim under 42 U.S.C. Sec. 1983. In his complaint, Koch asserted that application to him of a 1990 amendment to a Missouri statute-requiring convicted sex offenders to complete a treatment program prior to being eligible for early release-violated the Ex Post Facto Clause of the Constitution. See Mo. Rev. Stat. Sec. 589.040.2 (Supp. 1994). According to the complaint, although an early release date was established, defendants have refused to release Koch because he has not participated in the treatment program. Koch asserted he had a liberty interest in participating in the treatment program, and that his due process rights were violated when he was denied access to it. Koch further alleged he had exhausted his state post-conviction remedies; his guilty plea was involuntarily given; and he received ineffective assistance of counsel because he was never told he would have to complete the treatment program before being eligible for early release, informed of his right to direct appeal and post-conviction remedies, or informed he could participate in a shock incarceration program. In addition to monetary damages pursuant to 42 U.S.C. Sec. 1983, Koch sought a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254.
 
 
 2
 Thereafter, defendants moved to dismiss arguing, inter alia, that the complaint failed to state a claim; that section 1983 was not available because Koch was attacking the duration of his confinement; and that, his assertions to the contrary, Koch failed to exhaust his state post-conviction remedies. Alternatively, defendants urged that the habeas count be severed "so that it may proceed in a more proper forum." Construing Koch's complaint only as a section 1983 action, the district court concluded that Koch failed to state a claim.
 
 
 3
 We review de novo a district court's dismissal for failure to state a claim. See Ring v. First Interstate Mortgage, Inc., 984 F.2d 924, 926 (8th Cir. 1993). We agree with the district court that Koch has no liberty interest in participating in the treatment program or in receiving parole. See Jones v. Moore, 996 F.2d 943, 945-46 (8th Cir. 1993) (no liberty interest in current parole statute or in attending treatment program even though treatment program required as condition of parole). We conclude, however, that Koch's request for habeas relief must be addressed before assessing whether he has stated a section 1983 claim for imposition of the treatment program requirement, because this claim implicates the validity of his continued confinement. See Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (per curiam); see also Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). As the district court failed to rule on Koch's habeas claims, we reverse and remand so the district court may address them in the first instance.
 
 
 4
 Accordingly, we affirm the district court's judgment dismissing Koch's section 1983 claim that he had a liberty interest in participating in the treatment program or in receiving parole, but reverse the dismissal of his other claims and remand to the district court for further proceedings consistent with this opinion.