**Lawrence L. BARKLEY and Marguerite Barkley, Plaintiffs,**

v.

**CARTER COUNTY STATE BANK, et al., Defendants.**

**No. 1:94 cv 22 SNL.**

United States District Court, E.D. Missouri, Southeastern Division.

March 21, 1996.

Robert L. Smith, Poplar Bluff, MO, for Lawrence L. Barkley, Marguerite Barkley.

Daniel T. Moore, Scott and Moore, Poplar Bluff, MO, for Carter County State Bank, Jeff Featherston, Joe Rayl, Jane Rayl, Claude Kennedy, Alan Turley, Charles Pewitt, Francese Cotton, Ruth Staats.

Jeffrey P. Hine, Osburn and Hine, Cape Girardeau, MO, for R. Winston Reed, Gaye R. Reed.

### *MEMORANDUM AND ORDER*

LIMBAUGH, District Judge.

This matter is before the Court on the Defendants' Joint Motion for Summary Judgment (# 24). This civil case is brought under the RICO act and involves several bank transactions between the Plaintiffs and the Defendants. The Defendants argue that this action is time barred by the statute of limitations, that there is insufficient evidence to prove a pattern of activity as required by the statute, and that this action is barred by res judicata and collateral estoppel.

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null*, 554 F.2d 896, 901 (8th Cir.1977). Sum-

mary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." *Mt. Pleasant v. Associated Elec. Coop. Inc.*, 838 F.2d 268, 273 (8th Cir.1988).

Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden is on the moving party. *Mt. Pleasant*, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir.1976). With these principles in mind, the Court turns to an examination of the facts.

There are two instances of relevant facts in this case. In the first instance, Plaintiffs entered into a transaction for an extended line of credit which was supported by land as collateral. The second instance was an auto loan between the Defendants and the Plaintiffs' son for which the Plaintiffs served as cosigners. On each occasion, the Plaintiffs allege that the Defendants filled in a dollar amount that was in excess of the agreed upon figure. In each case, the Plaintiffs signed a blank note and trusted the Defendants to fill in the agreed upon figure; they allege that the amount was fraudulently enlarged which resulted in their inability to pay the notes and the eventual foreclosure on their collateral property.

█ The Defendants' first line of argument is that the matter is time barred by the four year statute of limitations. They base this on the Plaintiff's admission that he knew about the first alleged fraud in 1983 or 1984 which would have resulted in the statute of limitations period running in 1988. The Plaintiffs do not challenge the four year limitation, but they do suggest that the time period did not start running until the auto loan fraud was detected on October 5, 1993. The Court agrees that the relevant date for this analysis is the 1993 date. Despite the Plaintiff's admissions during his deposition, his lack of legal acumen led him to incorrectly believe that he had a RICO claim from the outset when in fact the alleged scheme was ongoing and did not give rise to the RICO action until the alleged auto fraud provided the second predicate act.

█ The Defendants' second line of argument is that there is not evidence of a pattern of racketeering activity because the Plaintiffs were not damaged by the second fraud. As cosigners, they have not been asked to pay any money towards the note on the car. Although they did not suffer direct pecuniary damage, that is not required under RICO. A RICO verdict may be sustained when a pattern of racketeering acts existed and only one act caused injury. *Deppe v. Tripp*, 863 F.2d 1356, 1366 (7th Cir.1988). There is no question that the foreclosure on the Plaintiffs' land provides the instance of injury.

█ The final argument put forth by the Defendants is that previous state court actions serve to estop this federal claim. The previous state cases involved the matter of the earlier frauds but did not address the RICO claim because the second predicate act

had not been committed. The Plaintiffs do not challenge the collateral estoppel argument put forth against the first transaction, but instead argue that because the second act took place on October 5, 1993, res judicata on the RICO charge is a legal impossibility.

 A judgment from a state court proceeding can have preclusive effect in a later suit in federal court. *Medvick v. City of University City, Missouri*, 995 F.2d 857 (8th Cir.1993). In determining the preclusive effects, the federal court looks to state law. *Jones v. Moore*, 996 F.2d 943 (8th Cir.1993). The state of Missouri has outlined a four part test: (1) whether the issue presented in the prior adjudication was identical with the issue in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue. *Atlanta Casualty Co. v. Stephens*, 825 S.W.2d 330, 334 (Mo.App.1992); *Norval v. Whitesell* 605 S.W.2d 789, 791 (Mo.banc. 1980).

 In the matter now before the Court, the collateral estoppel test must be applied to the 1984 transactions and the 1993 transaction. The Plaintiffs have brought three previous cases against these Defendants (EX B,C,D). In each of the cases the validity of the deeds on the collateral were adjudicated in favor of the Defendants. As board members and employees of the Defendant, the Defendants in this case have privity with the parties of the earlier cases. The questions presented by the alleged 1984 fraud have already been adjudicated by the state court. Therefore, this court is barred from relitigating that issue. *County of Cook, et al. v. Midcon Corp.*, 574 F.Supp. 902, 919 (N.D.Ill. 1983). The Court is not barred by estoppel from examining the auto loan transaction because there has not been a previous suit addressing that subject matter.

Applying estoppel to the first transaction presents the Plaintiffs with a problem. There must be two predicate offenses to support a RICO claim. With the first predi-

cate offense barred from consideration by estoppel, the Plaintiffs no longer have two predicate offenses to support their RICO claim. Although they may have some claim against the bank stemming from the auto loan transaction, that is not before this Court. There is no set of circumstances which can support the Plaintiffs' claim.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendants' Motion for Summary Judgment (# 24) is **GRANTED**.