**ST. LOUIS COUNTY, MO.,
Plaintiff-Appellant,**

v.

**OAKVILLE DEVELOPMENT CO., INC.
Lemay Bank & Trust Co.,
Defendant-Respondent.**

**No. 47650.**

Missouri Court of Appeals,
Eastern District.

Sept. 11, 1984.

**920**

Thomas W. Wehrle, Clayton, for plaintiff-appellant.

David L. Welsh, St. Louis, for defendant-respondent.

KAROHL, Judge.

Plaintiff St. Louis County appeals a judgment denying its petition for specific performance and ordering defendant bank to release $10,493.27 held in escrow to defend-

ant Oakville Development Co., Inc. (Oakville).

Plaintiff County and defendant Oakville entered into an escrow agreement in which Oakville guaranteed that all improvements it undertook to make would be "installed, constructed and completed within two years from the date of the approval [of the project]." Oakville's engineer submitted to the County plans for the sewer project which required an expense of one to two thousand dollars. Plaintiff County requested a redesign which resulted in a cost of $25,000. Because of a rock condition in the area of construction the redesign did not function as anticipated.

The issue before the trial court was whether defendant Oakville completed construction as designed. The construction project included roadway and drainage work. Plaintiff's sole witness, its chief highway design engineer, testified that the roads were constructed in accordance with the approved plans and that the drainage system was built according to the plans as approved by the St. Louis County Department of Highways and Traffic. The construction was finished in December, 1976. An inspection in October, 1982 reflected deficiencies in the drainage system.

Plaintiff filed a suit for specific performance of the escrow contract to obtain an order that Oakville correct the deficiencies noted in 1982 and defendant counterclaimed for release of the funds from escrow. The trial court found that the storm water structure was constructed according to design criteria set by plaintiff. The court also found that defendant contractor had fully performed the terms of the escrow agreement, had fully completed the improvements required thereunder and had expended monies far in excess of the estimated costs of improvements for the project. Restated the court found the deficiencies were not in construction but in function.

Plaintiff County's abbreviated brief on appeal cites no legal authority for its position that the trial court erred in denying specific performance and releasing the

funds from escrow. It merely contends that there was no evidentiary support for the trial court's finding of fact that "The subdivision improvements were built in 1976 according to plans approved by plaintiff and although deficiencies were noted in a 1982 inspection, the [plaintiff's sole witness] admitted that the deficiencies as noted were not a material reason for plaintiff's non-acceptance of the improvements."

■ Initially we note that the remedy of specific performance of a contract is not a matter of right, but rests in the sound discretion of the trial court. *Cummins v. Dixon*, 265 S.W.2d 386, 397 (Mo.1954). A court will not create a contract for the parties and if it undertakes to enforce their contract, the court will require the exact performance, neither more nor less, than that which the parties themselves agree to do. *Kauflin v. Turek*, 277 S.W.2d 540, 542 (Mo.1955).

■ In our review of this court tried case we are guided by some rather fundamental legal principles set forth in *Prudential Property and Casualty Insurance Co., Inc. v. Cole*, 586 S.W.2d 433, 434 (Mo. App.1979). In a court tried case the judgment is presumed to be correct. The judgment will be affirmed unless there was no substantial evidence to support it, unless it is against the weight of the evidence or erroneously declares the law or erroneously applies the law. Further, the judgment is to be affirmed under any reasonable theory supported by the evidence and we are obliged to accept as true the evidence and permissible inferences which may be drawn, favorable to the prevailing party, and disregard the contradictory testimony. *Prudential* at 434. Applying these principles we find there was evidence to support the finding of fact and judgment.

■ The testimony of plaintiff St. Louis County's witness supported the trial court's finding of fact. Defendant's witness Berra also testified that the storm sewer and drainage system had been completed according to the plan. This testimony was sufficient to support the judgment

denying specific performance and releasing the funds from escrow. Under the terms of the escrow agreement once the construction project had been completed according to plans approved by the plaintiff County defendant Oakville was entitled to the judgment rendered on its counterclaim.

The judgment is affirmed.

PUDLOWSKI, P.J., and GAERTNER, J., concur.