Edwin WOLFGRAM and Dorothea
Wolfgram, Appellants,

v.

CITY OF ST. LOUIS, Timothy Dee,
and Thomas Zych, Respondents.

No. 48606.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 16, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Sept. 16, 1985.

Application to Transfer Denied
Nov. 21, 1985.

Francis L. Ruppert, Alan E. Freed, Clayton, for appellants.

James J. Wilson, Julian L. Bush, St. Louis, for respondents.

SIMON, Presiding Judge.

Edwin Wolfgram and Dorothea Wolfgram (appellants) appeal from the judgment of the Circuit Court of the City of St. Louis as to Count I of their petition and an order dismissing Count II of their petition. In Count I, appellants prayed for a writ of mandamus ordering the respondents, City of St. Louis, Alderman Timothy Dee, and President of the Board of Aldermen, Thomas Zych, to process certain legislation, and in Count II prayed for damages against respondents for depriving appellants under color of state law, of their property rights without due process of law and rights to equal protection of the law.

Following a hearing on Count I, judgment was entered for the respondents. Count II was dismissed for failing to state a claim upon which relief could be granted.

On appeal, appellants contend that the trial court erred in: (1) failing to issue a writ of mandamus; and (2) dismissing Count II of their petition. We affirm.

In February, 1975, Ordinance No. 56908 of the City of St. Louis was enacted declaring an area of the city, part of which is located in the 17th Ward, blighted. The ordinance also designated the Washington University Medical Center Redevelopment Corporation (WUMCRC), a not for profit corporation, as the developer for that area and approved its plan for redevelopment.

In 1975 appellants contracted with WUMCRC for the purchase of two lots in the blighted area in the 17th Ward. The contract provided that these properties were to be used in conformity with WUMCRC's general development plan, including possible conversion of the present multifamily residential use (zone E) to office use (zone H), if a variance or use exception was obtained. The contract also granted appellants the option to convert the offices to a residential treatment center within five years after having acquired a variance for office use.

On November 15, 1982, appellants filed their request to rezone the property to "H" commercial with the zoning administrator of the City of St. Louis. The administrator submitted the application to the Community Development Commission (CDC) of the City of St. Louis for consideration and recommendation. Upon receiving the CDC's recommendation for approval, the administrator drafted a bill based upon the rezoning request, and presented it to the Board of Aldermen for introduction. Alderman Dee of the 17th Ward had objections to the bill in its present form and did not introduce it. Alderman Pentland, alderman of another Ward, introduced the bill. Upon

introduction, it became Board Bill 129 and had its first reading in June, 1983. Zych, in pursuance of his duties as President of The Board, assigned Bill 129 to the Intergovernmental Affairs Committee, chaired by Dee, for hearing and recommendation prior to its presentation to the full board. The bill was not scheduled for hearing and died at the close of the aldermanic session.

Appellants brought this action seeking a writ of mandamus to process Board Bill 129 to a final vote before the Board of Aldermen and prayed for damages for deprivation of property without due process of law (Count II).

Following a presentation of evidence on the issue of mandamus, the trial court found that appellants had failed to show a clear and unequivocal right to mandamus in absence of evidence that respondents, the City, Dee, and Zych, had a legal duty to process Bill 129 or had acted arbitrarily and capriciously in handling the bill. In dismissing Count II the trial court found that appellants' petition failed to assert a common law or statutory remedy under Missouri law. The court further found that the pleadings were ambiguous as to a remedy under 42 U.S.C. § 1983 or 18 U.S.C. § 242.

■ Having reviewed the record, memoranda and orders of the trial court, we conclude that the trial court correctly declared and applied the law and its findings are supported by substantial evidence, and are not against the weight of the evidence. An extended opinion would have no precedential value. The judgment is affirmed pursuant to Rule 84.16(b).

STEPHAN and KAROHL, JJ., concur.