**WASHINGTON UNIVERSITY MEDICAL CENTER REDEVELOPMENT CORPORATION, Plaintiff-Respondent,**

v.

**Edwin D. WOLFGRAM, et al., Defendants-Appellants.**

**No. 51372.**

Missouri Court of Appeals, Eastern District, Division Four.

May 5, 1987.

Francis L. Ruppert, Clayton, for defendants-appellants.

Gerard T. Carmody, St. Louis, for plaintiff-respondent.

GARY M. GAERTNER, Presiding Judge.

Edwin Wolfgram and Dorothea Wolfgram (appellants) appeal from a judgment of the Circuit Court of the City of St. Louis which granted respondent's petition for a decree of specific performance and denied appellants' counterclaim for a jury trial. On appeal, appellants contend that the trial court erroneously applied the law, that its findings were against the weight of the evidence, and that the court erred in denying their counterclaim for a jury trial. We affirm.

In 1975, the City of St. Louis enacted Ordinance No. 56908, which designated a blighted area within the City, part of which is located within the 17th Ward. The ordinance also designated the Washington University Medical Center Redevelopment Corporation (WUMCRC), a not for profit corporation, as the developer for that area.

Appellants owned two adjacent parcels of land within WUMCRC's jurisdictional boundary. In 1976, WUMCRC and appellants entered into a contract whereby appellants agreed to redevelop the properties subject to WUMCRC's guidelines.

In 1979, WUMCRC declared appellants in default and terminated the contract because appellants had failed to redevelop the buildings as required in the 1976 agreement. WUMCRC and appellants entered into negotiations in an attempt to resolve the dispute, and in 1982, the parties entered into the current contract which is at issue in this appeal. The 1982 agreement provided appellants with four choices for the initial development of the properties: commercial office space use; single family use; multi-family use; or a combination of the above options. In addition, the contract provided the right to convert the properties to a residential treatment center at any time within five years of the initial redevelopment and rehabilitation. The completion date for the renovation was August 15, 1983. The contract specified that appellants would transfer the properties to WUMCRC for a determinable price if the project were not completed by the set date.

The 1982 contract recognized that appellants would require rezoning (a variance or use exception) if they chose to convert the properties' use to a commercial one. The terms of the 1982 contract provided that WUMCRC was to cooperate with the Wolfgrams in their efforts to obtain any required variances, licenses, permits, or other required approval. Appellants had sought to insert language into the contract requiring WUMCRC to "assist the Wolfgrams in obtaining necessary variances and permits" as well as requiring WUMCRC to provide "enthusiastic endorsement" of appellants' project. However, WUMCRC's obligations were limited to advising appropriate agencies that the appellants' proposed uses were acceptable to WUMCRC and that final plans and specifications had been approved by WUMCRC.

Appellants chose to develop the properties for commercial use, and requested a total rezoning rather than a variance. Pursuant to the contract, WUMCRC gave appellants a letter, addressed to the City's Board of Adjustment, stating that it approved of appellants' proposed commercial use of the properties. WUMCRC also sent a letter to Alderman Timothy Dee of the 17th Ward indicating that it found appellants' plan acceptable.

Alderman Dee opposed the rezoning of the properties because of objections voiced by his constituents and the Citizens Advisory Committee (a committee established by Ordinance No. 56908 to represent the community and advise WUMCRC). The Citizens Advisory Committee opposed the zoning change unless it restricted the use of the properties to commercial office space for 25 years. Appellants refused to accept this restriction. The zoning request was introduced to the Board of Aldermen, but it died at the close of the session without having had a hearing.[1]

---

1. Appellants filed suit to force the passage of their zoning request; they were unsuccessful in the original action and in its appeal to this court. *See Wolfgram v. City of St. Louis,* 699 S.W.2d 10 (Mo.App., E.D.1985).

Meanwhile, appellants had not begun rehabilitating the properties. WUMCRC agreed to extend the completion date for 30 days. Appellants took no action to redevelop the properties. WUMCRC again agreed to extend the completion date for a period of 60 days. At the end of this period, there being no fulfillment of appellants' obligations under the contract, WUMCRC exercised its contractual right to purchase the properties from appellants. Appellants failed to provide the requisite documentation for determining the purchase price and they also failed to appear at the closing.[2] WUMCRC thereafter filed the instant action for specific performance, which was granted by the trial court.

Our standard of review is that a decree or judgment of the trial court will be sustained "unless there is no substantial evidence to support it, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Appellate courts are instructed to set aside a decree or judgment on the ground that it is against the weight of the evidence with "caution and a firm belief that the decree or judgment is wrong." *Id.*

The record establishes that a valid contract existed between the parties and that WUMCRC acted in good faith and in complete accordance with its obligations under the 1982 contract. The court also found that WUMCRC had not acted in any manner to hinder the redevelopment of the properties. Further, the court found that appellants could have performed their obligations under the 1982 contract by choosing an alternative to the commercial use option. Despite two time extensions and alternative options for meeting and performing their obligations, appellants failed to comply with the terms of the contract. There was substantial evidence to support the lower court's finding of fact and judgment and it correctly applied the law in awarding respondent specific performance. *St. Louis County, Mo. v. Oakville Development Co., Inc.*, 676 S.W.2d 919, 921 (Mo. App., E.D.1984); *McKenna v. McKenna*, 607 S.W.2d 464, 467 (Mo.App., E.D.1980).

Appellants also contend that the court erred in denying their motion for a jury trial. Once a court of equity gains jurisdiction over a matter, it will retain jurisdiction over the entire matter and may resolve incidental legal issues without a jury in order to render full relief. *State ex rel. Willman v. Sloan*, 574 S.W.2d 421, 422–23 (Mo. banc 1978); *Siesta Manor, Inc. v. Community Federal*, 716 S.W.2d 835, 838–39 (Mo.App., E.D.1986). Where the demand for a jury trial arises subsequent to a case being granted equity jurisdiction, the court is instructed to stay the jury demand until after the determination of the equitable claims and if such claims are decided adversely to the plaintiff, equity jurisdiction is lost and a jury trial should be ordered. *Krummenacher v. Western Auto Supply Co.*, 358 Mo. 757, 217 S.W.2d 473, 475 (Mo. banc 1949); *Dunn v. Bemor Petroleum, Inc.*, 680 S.W.2d 304, 307 (Mo. App., E.D.1984).

In the present case, appellants filed their request for a jury trial subsequent to the trial court's equity jurisdiction having attached. The issues raised by appellants (breach of contract) were identical to those involved in WUMCRC's claim for specific performance. The trial court correctly decided the equitable claim before ruling on appellants' counterclaim. When the trial court sustained WUMCRC's equity claim, it properly dismissed appellants' counterclaim. There was no error in the denial of appellants' demand for a jury trial.

The judgment of the trial court is affirmed.

STEPHAN and SIMON, JJ., concur.

---

**2.** The court below determined that appellants had received all letters pertaining to this matter from WUMCRC.