Catherine STRAATMAN,
Plaintiff–Appellant,

v.

Kenneth STRAATMAN and Norma Straatman,
Defendants–Respondents.

No. 55745.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 5, 1989.

Timothy J. Melenbrink, Union, for plaintiff-appellant.

William W. Eckelkamp, Washington, Frank K. Carlson, Union, for defendants-respondents.

CARL R. GAERTNER, Judge.

What started as a family squabble has erupted into a four count petition by a mother against her son and his wife, a three count counterclaim, a two count third-party petition by the son against his sister and his nephew and a counterclaim by the third-party defendant. Count I of plaintiff's petition seeks to replevin certain farm equipment; Count II seeks damages for conversion of cattle; Count III seeks damages for past trespass and Count IV seeks to enjoin continued trespass. Defendants' amended counterclaim seeks to replevin other farm equipment; Count II seeks a judicial declaration of ownership of certain farm machinery; Count III seeks specific performance of an oral contract. Defendants' third-party petition seeks damages from his sister and her son for inducing plaintiff to breach the oral contract in Count I; Count II seeks to replevin more farm machinery and Count III seeks damages from the nephew for assault and battery. Nephew's counterclaim seeks damages from his uncle for assault and battery. With the exception of the cross-charges of assault and battery, every one of the various counts revolves around the existence or the enforceability of the oral contract.

The Legal File shows an entry upon the docket sheet dated April 21, 1987, as follows:

Oral motion of Mr. Melenbrink [plaintiff's attorney] to separate equitable is-

sues and try them first sustained over vociferous objection of Bill E. [William Ecklekamp, defendants' attorney] and mute starings of Frank C. [Frank Carlson, attorney for third-party defendants]. Equity to be tried first. Removed from setting. Pretrial conference scheduled. Pretrial conference set afternoon 5–5–87. For setting 5–5–87 on equity issues.

After a non-jury hearing, the trial court entered its judgment and decree on October 19, 1988. The court found against plaintiff on Count I of the petition seeking replevin. No ruling was made upon Count II for conversion, or Count III for past trespass as these counts contain "matters of law triable to a jury." Plaintiff's prayer for an injunction against continuing trespass was denied. The court found in favor of defendants on Count I of the counterclaim for replevin and on Count II declaring defendants to be the owners of the farm machinery. On Count III of the counterclaim, the court, with detailed findings of fact, ordered plaintiff to specifically perform the oral contract. The court made no ruling upon the third-party petition and the counterclaim thereto as they contain "matters of law triable to a jury." The trial court designated this judgment as a final, appealable order, but did not find the absence of just reason for delay.

We must first look to the question of our jurisdiction. Rule 74.01(b) provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay.* In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. (Emphasis added).

This case comes before us in a procedural posture virtually identical to that of *Stemley v. Downtown Medical Building, Inc.*, 762 S.W.2d 43 (Mo.banc 1988), wherein the trial judge had designated the dismissal of less than all counts of a petition as "a final order and judgment for purposes of appeal", but had not expressly stated that "there is no just reason for delay." Nevertheless, the Supreme Court accepted jurisdiction. In this first Supreme Court interpretation of the Rule 74.01(b) requirement of such an express determination as a part of a designation of finality for appeal, the court cautioned trial judges not only to make such a determination but to employ the language of the rule. However, despite the failure of the trial court to do so in *Stemley*, the Supreme Court found "no necessity in remanding this cause for inclusion of the precise language of the rule, for it is plain that the trial court intended the order to be appealable and the record bespeaks the fact that 'there is no just reason for delay' ". *Id.* at 46. The record in the instant case does not speak so clearly and we are compelled to dismiss this appeal on jurisdictional grounds. However, we remand the cause to the circuit court not merely for inclusion of the precise words of Rule 74.01(b), but with directions to eliminate the inconsistencies inherent in the present, partial judgment.

In *State ex rel., Willman v. Sloan*, 574 S.W.2d 421 (Mo.banc 1978) the Supreme Court prohibited a circuit judge from submitting to a jury the question of damages after a judge had determined that a plaintiff was entitled to equitable relief. "The usual rule ... is that equity will retain jurisdiction of a cause once it has acquired it in order to afford full relief." *Id.* at 422. In cases where both legal and equitable relief is sought, the rule that once equity jurisdiction is established the court, without the aid of a jury, may determine the legal issues incident to the entire case is especially appropriate. *Siesta Manor, Inc. v. Community Federal Savings & Loan Assoc.*, 716 S.W.2d 835, 838–39 (Mo.App. 1986). Otherwise, a waste of scarce judicial time and resources as well as an unnec-

essary increase in litigation expense results. This court applied this rule in *Washington Univ. Medical Center Redevelopment Corp. v. Wolfgram,* 730 S.W.2d 289 (Mo.App.1987), a case quite analogous to the instant case. In *Wolfgram,* plaintiff sued for specific performance of a contract. Defendant counterclaimed seeking damages for breach of contract and demanded a jury trial on this legal issue. We affirmed the trial court's order of specific performance and, because the factual issues underlying the petition and the counterclaim were identical, we also approved the dismissal of the counterclaim and the denial of the demand for a jury trial. *Id.* at 291.

The pleadings in this case indicate that the issues of the existence and the enforceability of the contract underlie all of the replevin and trespass counts of the various pleadings. The trial court found in favor of defendants on these issues and granted the equitable relief of specific performance. This finding forecloses plaintiff's claim for replevin and for damages for trespass. The denial for plaintiff's prayer for injunctive relief against continuing trespass also precludes her right to recover damages for past trespass. On these claims there remain no "matters of law triable to a jury." In order to make the present judgment final and appealable, the trial court should have dismissed all of the remaining replevin and trespass counts of the petition. On defendants' third-party claim, the counts seeking replevin of farm equipment is likewise resolved by the finding in favor of defendants on the specific performance of the oral contract and the declaratory judgment of ownership of the farm machinery counts, except for a possible issue of damages. To refuse to decide that limited issue in favor of a jury trial runs afoul of the *Willman* principle that a court of equity may also determine incidental legal issues. With regard to these issues, the trial court erred by trying to separate the inseparable.

Obviously, the cross-charges of assault and battery are unrelated to the issues concerning the oral contract and the record clearly demonstrates no just reason for delay in submitting these counts to a jury while the appeal of the other counts is pending. The same cannot be said for the count in defendants' third-party petition seeking damages for alleged wrongful inducement to breach the contract. If the trial court's finding in favor of defendants on the issues of the existence and enforceability of the oral contract is reversed on appeal, such reversal would be dispositive of the defendants' claim of wrongful inducement. If the trial court's finding is affirmed, although the issues regarding the enforceability of the contract will have been resolved, there will remain issues regarding wrongful inducement and damages which could be submitted to a jury. The present lack of finality of the underlying contract issue provides good cause for delaying a jury trial of the latter issues until the merits of the appeal have been determined.

The cause is remanded to the trial court with directions to enter judgment on all counts seeking replevin or damage for trespass and then, if the court sees fit to do so, designate this judgment as final for purposes of appeal. The assault and battery counts can be tried with or without a jury as the parties may agree at any time. The inducement to breach the contract count may be deferred until final decision of the appeal.

Appeal dismissed.

STEPHAN, and HAMILTON, JJ., concur.