Bo L. MISEMER and Georgia Maxine
Misemer, Plaintiffs/Respondents,

v.

FREDA'S RESTAURANT, INC.,
Defendant/Appellant.

No. 21476.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 2, 1998.

John S. Dolence, Spencer, Scott & Dwyer, P.C., Joplin, for Defendant/Appellant.

Gary W. Allman, Cantwell, Allman, Smith & Trokey, LLP, Branson, for Plaintiffs/Respondents.

CRIST, Senior Judge.

This is an action on a promissory note. We affirm in part and reverse in part.

Earl Forsythe, president of Defendant Freda's Restaurant, Inc., moved to the Branson area in 1989. To conduct his various business interests, Forsythe set up several different corporations, including Freda's, XYZ Development Company, Inc., and Forsythe Construction Company. Forsythe was the president of each of these closely held corporations. Forsythe met Bo Misemer in 1989 when Misemer sold him some land.

On or about September 10, 1991, Defendant Freda's Restaurant issued an installment promissory note in the amount of $150,000 payable to the Misemers. The note was executed by the president of Freda's, Earl Forsythe. On October 26, 1994, the Misemers filed a petition seeking recovery under the note. The trial was held on October 2, 1996.

At the trial, Bo Misemer testified that the note was given to him so that he would act as a consultant for Earl Forsythe, to do whatever Forsythe wanted in real estate. Misemer stated that Forsythe told him that Freda's was the corporation where most of his cash flow was located. After execution of the note, Misemer maintained a business relationship with Forsythe until he was terminated sometime in September of 1992. Misemer further testified that the note was not payment for past work done or commissions to be received and that he had foregone other employment as a result of this agreement with Forsythe. Misemer stated he rendered services related to 43 acres known as the Oetting property, which was owned by XYZ. These services included finding people or businesses interested in developing the property. Claiming lack of consideration, Forsythe testified that the note was a gift to Misemer. He stated he gave the gift to Misemer after Misemer's commission on the sale of property (the "Nicholas" property) by XYZ was reduced by a modified sales contract.

The court sitting without a jury entered judgment for the Plaintiffs Bo and Georgia Misemer in the amount of $150,000 plus interest. Freda's Restaurant appeals.

■ In its first point on appeal, Freda's argues the trial court erred in granting judgment in favor of the Misemers because it contends the judgment is not supported by substantial evidence and is against the weight of the evidence. Freda's contends the evidence did not support a finding that Freda's received any consideration for the promissory note.

■ The trial court's judgment must be affirmed unless "there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ In a suit on a note, the holder makes a prima facie case by producing a note admittedly signed by the maker and showing the balance due. § 400.3–308(b), RSMo 1994; *Sverdrup Corp. v. Politis*, 888 S.W.2d 753, 755 (Mo.App.1994). A promissory note imports a consideration, with the consequence that the person suing on it is not required to prove consideration. § 431.020, RSMo 1994; *MFA Inc. v. Dettler*, 817 S.W.2d 658, 666 (Mo.App.1991).

■ Forsythe admits he executed the note as president of Freda's. Therefore, Freda's had the burden of proving the affirmative defense of lack of consideration.

*Sverdrup*, 888 S.W.2d at 755. That burden must be carried by clear, cogent, and convincing evidence. *Lillo v. Thee*, 676 S.W.2d 77, 80 (Mo.App.1984). In addition, the question of whether the maker of the note overcame the presumption of consideration is an issue of fact. *MFA Inc.*, 817 S.W.2d at 666.

■ Consideration is defined in the UCC as adopted by Missouri to mean "any consideration sufficient to support a simple contract." § 400.3–303(b), RSMo 1994. Consideration sufficient to support a contract may be either a detriment incurred by promisee or a benefit to the promisor. *Brown v. Mustion*, 884 S.W.2d 365, 369 (Mo.App.1994); *National Advertising Co. v. Herold*, 735 S.W.2d 74, 78 (Mo.App.1987).

The decision of the trial court was supported by substantial evidence and was not against the weight of the evidence. Misemer testified that the note was given to him in exchange for his acting as a personal consultant to the president of Freda's, Earl Forsythe. Misemer rendered services to Forsythe pursuant to this agreement and refused other employment as a result. Therefore, Misemer suffered a detriment based on Freda's promise to pay him the $150,000.

■ Freda's argues extensively that Forsythe received the consideration rather than Freda's. However, it is irrelevant whether Freda's actually received the consideration. If consideration is sufficient in all other aspects, then it need not move to the promisor, but may move to anyone requested by the offer. *Andes v. Albano*, 853 S.W.2d 936, 942 (Mo. banc 1993); *Penrod v. Branson R–IV Public School Dist.*, 916 S.W.2d 866, 867 (Mo.App.1996); *see also*, Richard A. Lord, Williston on Contracts § 7:19 (4th ed.1992). This point is denied.

■ In his second point, Freda's argues the trial court erred in denying its motion to disqualify the attorney for the Misemers because the attorney had a conflict of interest. Freda's contends this conflict exists because prior to this action the Misemers' attorney formed two corporations for Earl Forsythe, including XYZ, and did some work for XYZ. The work for XYZ included representing XYZ in the sale of the Nicholas property, which Forsythe claims was the basis for the note in issue.

Rule 1.9 of the Rules of Professional Conduct, Missouri Supreme Court Rule 4, provides as follows:

A lawyer who has formerly represented a client in a matter shall not thereafter:

(a) represent another person in the *same or a substantially related matter* in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or

(b) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known. (Emphasis added.)

The comments to Rule 1.9 also indicate that the scope of the "matter" depends on the facts and circumstances of a particular situation or the degree of involvement. The underlying question is whether the subsequent representation can be regarded as changing of sides.

In the case at hand, it is conceded by Freda's that Misemers' counsel never specifically represented it; rather he represented Earl Forsythe individually and XYZ. Therefore, on the face of the rule, there is no conflict. *See Terre Du Lac Property Owners' Ass'n, Inc. v. Shrum*, 661 S.W.2d 45, 48 (Mo.App.1983).

Even assuming that representation of Forsythe or XYZ would equate representation of Freda's Restaurant, the question is whether preparing some incorporation documents for Earl Forsythe and drafting a real estate contract is the "same or a substantially related matter" to the suit on the note. Although Misemers' counsel may have obtained information about the incorporation of XYZ or the terms of the contract for sale of the Nicholas property, this information is not the same or substantially related to the suit on the note. *See generally, Massey–Ferguson Credit Corp. v. Black*, 764 S.W.2d 137, 141 (Mo.App. 1989).

Furthermore, the record does not reveal that the Misemers' counsel had intimate knowledge of Forsythe's personal and business dealings as related to Freda's. Misemers' counsel indicated he had not represented XYZ or Earl Forsythe since the middle or latter part of 1991. He had no prior knowledge of the note, did not draft the note, and did not render any legal services regarding the note. He stated he had no knowledge of the business of Freda's Restaurant and had no knowledge of the corporation based on his prior representation of Earl Forsythe or XYZ. Point II lacks merit.

■ In Point III, Freda's argues the trial court erred in granting a judgment for the full face value of the note, $150,000, plus interest and fees, because the Misemers admitted receiving $5,000 from Earl Forsythe.

■ We agree. At trial, Bo Misemer admitted that he received $5,000 from Forsythe and was requesting only $150,000 plus interest less the $5,000 payment. According to his own testimony, Misemer reduced his prayer for relief by $5,000. In addition, payment of the principal reduces the amount of the interest on the note. *See Sloan v. Paris*, 541 S.W.2d 316, 320–21 (Mo.App.1976). Therefore, we reverse and remand to the trial court. On remand, the trial court shall reduce the principal due and owing to $145,-000 and modify the interest calculated thereon. The judgment is affirmed in all other respects.

PARRISH, P.J., and MONTGOMERY, C.J., concur.