Charlotte L. HUNT, Plaintiff–
Appellant,

v.

James O. SMITH, and James O. Smith,
Jr., Defendants–Respondent.

No. 22517.

Missouri Court of Appeals,
Southern District,
Division Two.

April 26, 1999.

Motion for Rehearing and Transfer
Denied May 18, 1999.

Application to Transfer Denied
June 29, 1999.

Keith D. Sorrell, Spain, Merrelland Miller, L.L.P., Poplar Bluff, for appellant.

Don M. Henry, Henry, Henry, Henry, Engelbrecht & Williams, P.C., West Plains, for respondents.

KENNETH W. SHRUM, Presiding Judge.

In this suit over a promissory note, Charlotte L. Hunt ("Plaintiff") appeals from a summary judgment that ordered her to pay the note balance to James O. Smith, Sr., and James O. Smith, Jr., ("Defendants") on Count I of their counterclaim. We affirm.

On June 11, 1997, the parties commenced trial on the following claims. Plaintiff's two-count petition sought equitable relief. Count I sought a declaration that a promissory note given by Plaintiff to Defendants was "invalid and unenforceable" because Defendants gave no consideration for the note. Plaintiff alleged she signed the note "solely because of the threats, coercion and false representations of [Defendant] James O. Smith." Plaintiff's second count asked that the note be set aside for the same reasons. In his initial counterclaim, Defendant James O. Smith, Sr., sought partition of certain personal property.

Earlier, in March 1997, the trial court had rejected Plaintiff's request for an advisory jury. Consequently, the case began on June 11, 1997, without a jury. After noon recess on the day of trial, the trial judge stated on the record:

"[THE COURT:] It appears that the evidence that's before the Court is evidence which might require some confirmation of pleadings to the evidence.

. . . .

"[I]f we ... get into [the additional] issue of quantum meruit, where we have to try to quantify this money, then [Defendant's counsel] needs to be able to give me some pretty precise numbers and some computations.

"In addition ... [Plaintiff] would be entitled to credits against that for amounts that have been paid ... and it's my understanding, Mr. Sorrell [Plaintiff's counsel], that you're not prepared to do that today? Is that correct?"

The parties concurred with the trial judge's observations and the trial court continued the case. The trial judge set a period for each party to file amended pleadings. He also told Plaintiff's counsel that "since your client had testified ... and has not been cross examined, when and if we ... reconvene, I will let you reopen your direct."

The amended counterclaim of Defendant James O. Smith, Sr., added two new counts, the first entitled "Breach of Contract" and the second "Quantum Meruit." His third count maintained his original counterclaim, i.e., partition of personal property. Plaintiff filed responsive pleadings.

At a scheduled hearing on October 14, 1997, the following exchange occurred on the record:

"[THE COURT:] We had ... commenced the trial on the issues that had equitable components to them.

"The plaintiff was offering evidence when we recessed. What do you say about ... the plaintiff's case on that issue Mr. Sorrell [Plaintiff's attorney]?"

"ATTORNEY SORRELL: Judge, we would rest."

"THE COURT: All right. Motion, Mr. Henry [Defendant's attorney]?"

"ATTORNEY HENRY: Your Honor, at this time defendant would ask the Court to enter a directed verdict in favor of defendant on plaintiff's petition."

"THE COURT: That'll be granted. If you'll prepare me a memo of that. . . ."

On October 29, 1997, the trial judge signed the order as prepared.[1] In pertinent part, it reads:

"Now on this 14th day of October, 1997, . . . [t]he Court advises Plaintiff's attorney that if Plaintiff intends to offer no further evidence on her Petition that the Court is inclined to sustain a Motion for Directed Verdict on behalf of Defendant. Plaintiff's counsel advises the Court that he desired to visit with his client and would return in a few minutes after conferring with his client.

"Thereupon, the attorneys appear before the Court and Plaintiff's attorney advises the Court that Plaintiff does not desire to offer any further evidence on Plaintiff's Petition. Defendant's attorney moves the Court to enter a Directed Verdict in favor of Defendant on Plaintiff's Petition. The Court sustains Defendant's Motion and does now enter a Directed Verdict in favor of Defendant and against Plaintiff on Counts I and II of Plaintiff's First Amended Petition."

In December 1997, Defendants filed a second amended counterclaim. It contained three counts as follows: An "Action on Promissory Note" (Count I), a claim for "Quantum Meruit" (Count II), and the partition count (Count III). In April 1998, Defendants moved for summary judgment as to Count I. In the motion, Defendants alleged they were entitled to summary judgment because Plaintiff admitted having executed the note and because her defenses—that the note was given without valuable consideration and that her signature was obtained by coercion—had been ruled adversely to her when the trial court granted Defendants' motion to dismiss Plaintiff's petition.

Apparently recognizing her dilemma, Plaintiff filed a motion for new trial on May 18, 1998. In the motion, Plaintiff asserted she was entitled to a new trial "on all issues raised in both the Plaintiff's pleadings and Defendants' pleadings" because "Defendants were allowed to amend their pleadings after a trial by the Court on all issues raised by the Plaintiff's pleadings." Continuing, Plaintiff complained that allowing Defendants to belatedly bring claims based on something other than equitable principles was "an injustice" to her since it effectively denied her a trial by jury on the issues of fraud and coercion.

On August 10, 1998, the trial court granted Defendant's motion for summary judgment on Count I (the action on the promissory note) of Defendants' second amended counterclaim. In the judgment, the court found

"that on May 29, 1998, it [the trial court] entered an Order in this cause overruling Plaintiff's Motion for New Trial, sustaining Defendants' Motion to Strike paragraph 3 of Count I and paragraph 3 of Count II of Plaintiff's Answer, and ruling that Plaintiff is precluded as a matter of law from relitigating the allegations set forth in paragraph 2 of Count I and by referential inclusion in other Counts."

This appeal followed.[2]

Plaintiff's brief contains two points relied on. In the first point, Plaintiff argues

---

1. We interpret defense counsel's use of the phrase "Motion for Directed Verdict" as a motion to dismiss on the merits of the case. *See* Rule 73.01(a)(2); *Wyrozynski v. Nichols,* 752 S.W.2d 433 (Mo.App.1988).

2. We note that the August 10, 1998, judgment did not dispose of all claims in this case and the trial court did not make a finding therein that "there is no just reason for delay." *See* Rule 74.01(b). After this appeal was filed,

that the trial court erred in overruling her motion for new trial because the parties' amended pleadings changed the nature of the case from an action in equity to an action involving claims in equity and at law. Continuing, Plaintiff asserts that this change in the nature of the case to include claims at law entitled her to a jury trial on all issues under Article I, Section 22(a) of the Missouri Constitution.

■ "There is no right to a trial by a jury in an equity case, and thus the right to a jury trial depends on whether the cause is tried at law or equity." *Estate of Dean,* 967 S.W.2d 219, 223[9] (Mo.App. 1998) (citing *State ex rel. Willman v. Sloan,* 574 S.W.2d 421, 422 (Mo.banc 1978)). It is undisputed that Plaintiff's original petition and Defendants' original answer and counterclaim included only equitable claims. Thus, when trial commenced on June 11, 1998, the case consisted only of actions in equity. Consequently, Plaintiff was not entitled to a jury trial at the outset of the case.

When the parties resumed trial on October 14, 1998, Plaintiff did not request a jury trial even though both parties' amended pleadings, including Defendants' claims at law, had been filed by that time. Instead, Plaintiff rested her case without calling any witnesses or presenting any additional evidence. Arguably, Plaintiff waived her right to jury trial by proceeding without renewing her request for a jury. *See* Rule 69.01(b)(4). For reasons explained below, however, we need not reach that issue.

■ When a party admits execution and delivery of a promissory note (as occurred here), the law imports a consideration; consequently, the holder of the note is not required to prove consideration. § 431.020; *Misemer v. Freda's Restau-*

*rant, Inc.,* 961 S.W.2d 120, 121[4] (Mo.App. 1998); *MFA Inc. v. Dettler,* 817 S.W.2d 658, 666[15] (Mo.App.1991). Even so, the statutory presumption that consideration exists is rebuttable. *Diversified Metal Fabricators, Inc. v. Blue Skies, Inc.,* 899 S.W.2d 556, 560[3] (Mo.App.1995); *Dettler,* 817 S.W.2d at 666[15]. Thus, a party who signs an instrument but claims it is not supported by consideration can prevail by pleading and proving a lack or failure of consideration. *Rose v. Howard,* 670 S.W.2d 142, 145–46 (Mo.App.1984); *Ireland v. Shukert,* 238 Mo.App. 78, 177 S.W.2d 10, 16 (1943). *See Misemer,* 961 S.W.2d at 121. To overcome the statutory presumption, however, the maker must prove the lack or failure of consideration by clear, cogent, and convincing evidence. *Misemer,* 961 S.W.2d at 122[6]. In addition, the question of whether the maker of a note overcame the presumption of consideration is an issue of fact. *Id.* at 122[7].

■ Here, the record shows the trial court treated Defendant's "motion for directed verdict" at the close of Plaintiff's case as a submission on the merits and ruled for Defendants and against Plaintiff on both counts of Plaintiff's petition. Implicitly, therefore, the court determined credibility of witnesses, weighed the evidence, and concluded that Plaintiff did not prove lack or failure of consideration by clear, cogent, and convincing evidence. Likewise, the court also decided issues of duress and misrepresentation against Plaintiff—whether because Plaintiff failed to present sufficient evidence in support or because the trial court did not find Plaintiff's evidence credible. Plaintiff has never challenged the trial court's findings on these factual issues. Not in her motion for new trial, nor in any other motion before the trial court, nor in her brief on appeal

this court issued an order to Plaintiff to show cause why this appeal should not be dismissed for lack of a final and appealable judgment. On December 18, 1998, the parties obtained a first amended judgment which is identical to the August 10, 1998, judgment

in all respects except that it contains the trial court's additional finding that "there is no just reason for delay." Consequently, the first amended judgment is a final and appealable judgment.

has Plaintiff complained that the trial court's dismissal of her petition lacked evidentiary support or was against the weight of the evidence. Consequently, factual issues regarding consideration and execution under coercion or induced by misrepresentation stand resolved and settled, and Plaintiff is bound by the trial court's dismissal. *See Straatman v. Straatman*, 780 S.W.2d 709, 711 (Mo.App.1989); *Washington Univ. Med. Ctr. Redev. Corp. v. Wolfgram*, 730 S.W.2d 289, 291 (Mo.App.1987).

Since Plaintiff's affirmative defense to Defendants' suit on the note raised issues identical to those involved in Plaintiff's declaratory judgment suit, i.e., want of consideration and execution under duress or due to misrepresentation, the disposition of Plaintiff's declaratory judgment suit left no fact issue to be submitted to a jury. *See Wolfgram*, 730 S.W.2d at 291[4]. The factual findings that the note was supported by consideration and was not executed under duress or due to misreresentation (which are implicit in the dismissal of Plaintiff's declaratory judgment action) foreclose Plaintiff's affirmative defense claims to Defendants' suit on the note. *Straatman*, 780 S.W.2d at 711. Under the circumstances, there was no error in the denial of Plaintiff's motion for new trial. Point I is denied.

■ Plaintiff's second point maintains that the trial court erred in granting Defendants' motions for dismissal and summary judgment "because the trial court did not have jurisdiction to decide contested questions of fact in that at the time the motion for [dismissal] and motion for summary judgment were filed[,] the claims that were before the court presented by [Defendants] were actions seeking monetary damages which required a trial by jury."

■ "Once a court of equity asserts its jurisdiction, it will retain jurisdiction until it decides all of the issues adequately and fairly between the parties." *Estate of Dean*, 967 S.W.2d at 224[10]. Based on this principle, there can be no question that the trial court had jurisdiction to grant Defendants' motion for dismissal pursuant to Rule 73.01(a)(2). The trial court's authority to grant Defendant's motion to dismiss is even less vulnerable to Plaintiff's attack here because the order dismissed only Plaintiff's first and second counts, which were claims in equity. Thus, we conclude the trial court had the power and jurisdiction to decide "contested questions of fact" associated with Plaintiff's Count I and II claims.

In deciding Point I, we found that the trial court's dismissal of Plaintiff's first amended petition was an adjudication that Plaintiff failed to prove her claims of lack of consideration, threats, coercion, and false representations. This finding forecloses Plaintiff's affirmative defenses since they are based on factual allegations identical to those found in her first amended petition. *See Straatman*, 780 S.W.2d at 711. Accordingly, the following situation attended when the court sustained Defendants' summary judgment motion: (1) Plaintiff's pleadings admitted that she executed and delivered the note; (2) Plaintiff's factual affirmative defense claims had been decided adversely to her; and (3) Plaintiff did not contest the allegations incorporated into Defendant's summary judgment motion to the effect that she has made no payment on the note. Contrary to what Plaintiff now argues, no unresolved questions of fact concerning the promissory note were left for determination by the judge or jury when the summary judgment was entered. This follows because facts that Plaintiff admitted, or to which she was otherwise bound, showed Defendants had a legal right to prevail on the note count. *See ITT Commercial Fin. Group v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 381–82 (Mo.banc 1993); Rule 74.04. The trial court certainly had "jurisdiction" to decide questions of law, which was all that was left for it to decide. We

reject Plaintiff's argument to the contrary. Point II is denied.

The judgment is affirmed.

MONTGOMERY, J., BARNEY, J., concur.